J-A22025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYRON BROWN, SR., | : | |
| | : | |
| Appellant | : | No. 1839 MDA 2013 |

Appeal from the Judgment of Sentence Entered October 7, 2013,
In the Court of Common Pleas of Schuylkill County,
Criminal Division, at No. CP-54-CR-0001519-2012.

BEFORE:  PANELLA, SHOGAN and FITZGERALD*, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 29, 2014**

Appellant, Tyron Brown, Sr., appeals from the judgment of sentence entered October 7, 2013, following his conviction by a jury of aggravated assault of a police officer involving bodily injury, disarming a law-enforcement officer, resisting arrest, two counts of simple assault, and disorderly conduct.  We affirm.

The notes of testimony from trial indicate that on September 2, 2012, Todd Dunlap arrived at 1111 East Center Street in Mahanoy City, Pennsylvania, at approximately 5:00 p.m. to give his eleven-year-old daughter, who resided there with her mother and grandmother, some money.  N.T., 8/28/13, at 34–35.  As he pulled up to the curb in front of the house, Mr. Dunlap observed his daughter standing on the front porch and

_____
*Former Justice specially assigned to the Superior Court.

heard Appellant, who stood on the sidewalk "a few doors down," engaging in "very loud cursing." *Id*. at 35. Mr. Dunlap exited his car, and when he asked Appellant to refrain from using profanity in front of Mr. Dunlap's daughter, Appellant began approaching Mr. Dunlap, who retreated into his vehicle. Appellant "opened [his] car door as if he was going to pull [him] out" and a woman standing nearby pushed Appellant "back to the sidewalk." *Id*. at 37. Mr. Dunlap exited his vehicle and proceeded to the house where his daughter, who had retreated inside, resided. *Id*. at 38. His daughter's grandmother indicated police had been called. *Id*.

Mr. Dunlap left the house to return to his car whereupon Appellant yelled at him and poked him in the face. N.T., 8/28/13, at 39. Shortly thereafter, Mahanoy City Borough Police Officer Charles Kovalewski arrived at 5:15 p.m. and attempted to calm Appellant. *Id*. at 40, 102. When the cursing and belligerent behavior continued, Officer Kovalewski told Appellant that if he did not desist, he would be placed under arrest for disorderly conduct. *Id*. at 41. Appellant continued cursing and "when Officer Kovalewski pulled out the handcuffs, [Appellant] got up from the top step and pushed the officer in the chest." *Id*. Mr. Dunlap described the scenario as follows:

> At that point I seen [sic] the officer was the only one on duty at the time and there was no back up and I walked down to where the officer was. When I walked down there, [Appellant] went and sat on the steps again, in the middle of the steps. And

the officer told him if, pretty much if the behavior continues, that he was going to get tasered.

* * *

As Officer Kovalewski went to put handcuffs on him again, he was pushed again, which this time [the officer] went backwards.

* * *

And at that point that is when Officer Kovalewski fired the [T]aser.

* * *

[Appellant] pulled the barbs out of his chest and threw the wires . . . and got into a fight with the officer.

N.T., 8/28/13, at 41–42.

At that point, Mr. Dunlap attempted to bear hug Appellant, whereupon someone punched Mr. Dunlap repeatedly on the back of his head. N.T., 8/28/13, at 43. Mr. Dunlap observed Appellant continuing to assault Officer Kovalewski, and Appellant "picked him up by the shirt . . . and slammed him against the ground." *Id*. Mr. Dunlap testified that he "clearly remember[ed] Officer Kovalewski's head hitting the sidewalk numerous times." *Id*. at 43–44. At some point, Appellant ran into his house "followed by one of the younger black males that was punching [Mr. Dunlap] and shut the door." *Id*. at 44. Mr. Dunlap remembers seeing Appellant and the two males who beat Mr. Dunlap "being brought out of the house in handcuffs," whereupon Mr. Dunlap passed out and was taken to the hospital in an ambulance. *Id*.

at 46. Officer Kovelewski testified similarly at trial, as did another eyewitness, John Garber. *Id*. at 75–82, 102–105. The Commonwealth also played a cellular telephone video at trial that was recorded by another witness, Anthony Bennett. *Id*. at 104–105.

On August 29, 2013, Appellant was convicted by a jury of the crimes described above and acquitted of aggravated assault of a police officer involving serious bodily injury and escape.[1] On October 7, 2013, the day of sentencing, Appellant filed a motion for extraordinary relief requesting a new trial, which the trial court denied. The court sentenced Appellant to an aggregate term of imprisonment of sixteen to thirty-two months on October 7, 2013. No post-sentence motions were filed. On October 17, 2013, Appellant filed a timely notice of appeal. On October 18, 2013, the trial court directed Appellant to comply with Pa.R.A.P. 1925(b) by November 12, 2013. Order, 10/18/13.

While still represented by counsel, Appellant filed a *pro se* document titled, "Legal Grounds for Appeal" on November 4, 2013.[2] Thereafter,

---

[1]  At the close of the Commonwealth's case, the trial court dismissed two counts of simple assault with regard to Mr. Dunlap.

[2] The motion is time stamped and docketed in accordance with Pa.R.Crim.P. 576(A)(4). Our Supreme Court has stated:

> [T]he disapproval of hybrid representation is effective at all levels. *See Commonwealth v. Ellis*, 534 Pa. 176, 626 A.2d 1137, 1139 (1993) (criminal defendant has no right to hybrid

-4-

pursuant to Pa.R.A.P. 1925(b), Appellant filed a counseled, timely concise statement of matters complained of on appeal on November 7, 2013, identifying the following two issues:

> 1. The Court erred in allowing [Appellant's] entire criminal record to come into evidence and allowed [Appellant] to be cross-examined.
>
> 2. The prosecut[ion's] closing was a smear on [Appellant's] character by use of his prior improperly admitted record. The Prosecutor called [Appellant] a liar and used the diety as a basis for conviction. A mistrial was improperly denied.

Concise Statement of Matters Complained of on Appeal, 11/7/13.

The docket reveals that approximately one week later, on November 14, 2013, Appellant sent a *pro se* letter to the Schuylkill County Clerk of Courts requesting the "removal of defense counsel." Correspondence, 11/14/13, docket entry 28. On November 26, 2013, counsel filed a motion to withdraw pursuant to Appellant's request. Motion, 11/26/13. In an order entered December 3, 2013, this Court granted defense counsel's request to withdraw and directed Appellant to "retain new counsel, apply to the trial

---

representation in either trial or appellate courts). Criminal Rule 576(A)(4) addresses hybrid representation before the courts of common pleas, mandating that the *pro se* filing be received and docketed, but then forwarded to counsel: "In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing" and send a copy to the attorneys of record in the case.

*Commonwealth v. Cooper*, 27 A.3d 994, 1000 (Pa. 2011).

court for the appointment of new counsel, or express his choice to proceed *pro se*." Order, 12/3/13. We further directed the trial court to hold a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988), should Appellant choose to proceed *pro se*.

On December 5, 2013, Appellant, *pro se*, filed a Motion to Amend Legal Grounds of Appeal, docket entry 32, presumably amending his Pa.R.A.P. 1925(b) statement, in which he raised eighteen issues of trial counsel's ineffective assistance. On January 16, 2014, Appellant filed a motion of intent to proceed *pro se* "in appellate court." Motion, 1/16/14. This Court entered an order on January 24, 2014, directing the trial court to conduct an on-the-record inquiry "to determine whether appellant's waiver of counsel is knowing, intelligent, and voluntary, pursuant to" **Grazier**. The trial court held a **Grazier** hearing on February 18, 2014, and entered an order that day indicating that Appellant's waiver of the right to be represented by counsel was knowing, voluntary, and intelligent. Order, 2/18/14. Since that time, Appellant has proceeded *pro se*.

Appellant lists the following fourteen issues in the Statement of Questions Involved in his brief, which we reproduce *verbatim*:

1. Wheather probable cause was established, to support lawful arrest. And the resisting arrest charge.

2. Wheather the officer, bound by oath to protect and serve the pubic violated the Defendants 14th right as a citizen of the United States of America, to equal protection.

14th Ammendment (equal protection).

3. Wheather the officer was within lawful parameters in his use and discharge of his Taser weapon.

4. Wheather the officer's lack of protical, as to proper proceedure for answering a disturbance call with multiple suspects in an undetermined, crowded situation was influenced by the preexisting relationship testified to during trial proceedings between officer and Todd Dunlap.

5. Wheather the transport of defendant to Mahanoy City Police Dept. and the dentintion without marandise, charge, or warrant complied with Pa. Criminal Rule of Procedure, as it refers to suspects arrested after business hours (4:30 pm).
Pa.R.C.P. Rule 519 (a)(1).

6. Wheather the arraignment judge and Cheif of Police of Mahanoy City's combined efforts in the defendants pre-arraignment proceedings interfeared with the natural administration of court violating the defendants ammendment right to due process.
14th Ammendment (Due Process).

7. Wheather the conduct of MDJ Platchko was prejudicial to the defendants case. And in compliance with the MDJ Code of Conduct and the Judicial Code of Ethics with respect to probable cause and criminal documents.
Right to Due Process. Pa.R.C.P. Rule 2(a); Pa.R.C.P. Rule 8(a)(1); 8/14 Ammendment rights (Due Process, Fair Bail).

8. Wheather the eccessiveness of the bail ammout assessed to the defendant could legally be in standard range without the melestation of the Probable cause affidavit and charge complaint documentation.
Pa.R.C.P. Rule 2(a); Pa.R.C.P. Rule 8(a)(1); 8th Ammendment (Eccessive Fines & Bail).

9. Wheather trial counsel ineffectively represented the Appellant by his failure to comply with the Defendant direct request to challenge conflicts in written statements, victim/witness

testimonies video evidence and justification plea of self defense whhich may have effected the overall outcome of the trial.
Strickland v. Washington, Jones v. Simpson, Coffio v. United States.

10.   Wheather the ADA's misrepresentation of video facts, [pursuit] of criminal charges without sufficient evidence to support and used of any if not all 6 prior offenses from Defendants past.   Crossed recognized boundaries an administration of justice with a responsibility, not to be vindictive, or attempt in any manner to influence the jury by arousing their prejudice.  ADA asserted during closing Defendant was a liar and has no respect for the law.
Commonwealth   v.   Potter,   Commonwealth   v.   Toney, Commonwealth v. Meyers.

11.  Wheather trial court erred by denying trial counsels motion of acquittal, challenging the sufficiency of evidence to disprove reasonable doubt as to Ct #2, Ct #6, and Ct #8.
Jones v. Simpson Coffio v. United States Commonwealth v. Cicere.

12.  Wheather trial court erred by denying trial counsels motion for acquittal, challenging the sufficiency of evidence to disprove reasonable doubt as to Ct #4 disarming law enforcement officer without lawful authority.
Jones v. Simpson, Coffio v. United States.

13.  Wheather the trial court complied with the judicial obligation he personally outlined in jury instruction ("I'm the umpire, the referee") as to jury resposibilities and considerations applied when determining witness credibility facts of video evidence, and prosecution   obligation   to   disprove   self   defense   beyond reasonable doubt.
Pa.R.C.P. Rule 2(a).

14.   Wheather the trial court prejudice the defenses case by failing to have prosecution address their burden of proof.  In regard to Defendants on record justification plea of self defense. And allowing deliberations to be conducted without that burden being met violating the Defendants.
Pa.R.C.P. Rule 2(a); 14th Ammendment (Due Process).

Appellant's Brief at 8–9 (*verbatim*).

As previously noted, before counsel withdrew in this case, Appellant filed a counseled concise statement pursuant to Pa.R.A.P. 1925(b) on November 7, 2013, identifying two issues to be raised on appeal. The trial court addressed these two issues in its Pa.R.A.P. 1925(a) opinion. Trial Court Opinion, 1/16/14. Appellant, however, has failed to raise them in his brief to this Court; instead, he lists the above fourteen issues in his statement of questions. Our appellate rules define the content of appellate briefs. Pa.R.A.P. 2116(a) addresses the statement of questions involved and provides, in pertinent part, "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Appellant's *pro se* status does not relieve him of the responsibility to conform to the applicable rules, and Appellant is not entitled to any particular advantage because he lacks legal training. ***Commonwealth v. Maris***, 629 A.2d 1014, 1017 n.1 (Pa. 1993). As the two issues raised in the counseled 1925(b) statement have been abandoned in the appellate brief, they are waived. Pa.R.A.P. 2116(a).

The only other issues that would be preserved for review, then, are the issues raised in Appellant's purported *pro se* amended Pa.R.A.P. 1925(b) statement filed December 5, 2013, in the form of the "Motion to Amend Legal Grounds of Appeal," filed as docket entry 32. As previously noted, in

that document, Appellant raised eighteen issues of trial counsel's ineffective assistance of counsel. Of the fourteen issues set forth in Appellant's statement of questions involved, only issue number nine is an issue of ineffective assistance of counsel. For the reasons that follow, we defer this claim, and any of Appellant's other issues of ineffective assistance of counsel set forth in his Motion to Amend Legal Grounds of Appeal, to be raised in a subsequent petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.

In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa 2013), our Supreme Court considered "the reviewability of claims of ineffective assistance ("IAC") of counsel on post-verdict motions and direct appeal." **Id**. at 563. Following a comprehensive review of the language codified in the PCRA and decisions from our courts, our Supreme Court revisited the exception to **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), as described in **Commonwealth v. Bomar**, 826 A.2d 831 (Pa. 2003), and held that absent either good cause or exceptional circumstances and a waiver of PCRA review, IAC claims must await collateral review. **See also Commonwealth v. Barnett**, 25 A.3d 371, 373 (Pa. Super. 2011) (*en banc*) ("[T]he Supreme Court has limited the applicability of **Bomar**" such that most assertions of ineffective assistance of counsel "are appropriately raised only on collateral review."); **Commonwealth v. Britt**, 83 A.3d 198, 203 (Pa. Super. 2013)

("[A]bsent either good cause or exceptional circumstances and a waiver of PCRA review, ineffective assistance of counsel claims must await collateral review.").

Herein, there is no indication in the record that good cause or extraordinary circumstances exist such that Appellant's IAC claims warrant review on direct appeal or that Appellant expressly waived his right to PCRA review. **See also Barnett** (holding that this Court cannot review IAC claims on direct appeal absent a defendant's waiver of PCRA review). Consequently, in light of **Holmes**, we dismiss Appellant's claims of ineffective assistance of counsel without prejudice to his ability to raise them in a subsequent PCRA petition, if he so chooses.

Clearly, then, the other thirteen issues set forth in Appellant's Statement of Questions Involved in his brief have not been preserved for review because they were not set forth in either the counseled Pa.R.A.P. 1925(b) statement filed on November 7, 2013, or Appellant's *pro se* Motion to Amend Legal Grounds of Appeal filed on December 5, 2013.[3]  Thus,

---

[3]  We note, as well, that most of the issues set forth in the Statement of Questions Involved have been abandoned in the brief, thereby providing an alternative basis for waiver.  Appellant presents four issues in the body of his brief, one of which is issue nine, presented as Argument (3) in the brief, the single issue of IAC discussed above.  Arguments (1), (2), and (4) in the brief correspond to issues eleven, twelve, and fourteen in the Statement of Questions Involved.  All other issues were abandoned in the argument section of the brief.  Issues that are abandoned in the brief, are waived. **Commonwealth v. Heggins**, 809 A.2d 908, 912 (Pa. Super. 2002).

because there are no issues before us that have been properly preserved or that have not been waived, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2014