J-S67041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ARTHUR JOHNSON | |
| Appellant | No. 1508 EDA 2015 |

Appeal from the PCRA Order April 29, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1203951-1996

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED OCTOBER 07, 2016**

Arthur Johnson ("Appellant") files this *pro se* appeal from the order entered by the Court of Common Pleas of Philadelphia County denying his third petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, as untimely.  As Appellant failed to plead and prove that a statutory exception to the PCRA time-bar applies to his case, we affirm.

The court, sitting as finder of fact in a waiver trial, convicted Appellant of Murder in the Third Degree and Possession of an Instrument of Crime, 18 Pa.C.S. §§ 2502(c) and 907(a), respectively, and sentenced him, on September 24, 1997, to an aggregate sentence of 12 to forty-five years' incarceration.  This Court affirmed judgment of sentence in a memorandum

_____
*Former Justice specially assigned to the Superior Court.

decision filed on June 8, 2001, and Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On October 21, 2001, Appellant filed a timely PCRA petition. The PCRA court appointed counsel, who filed an amended petition claiming ineffectiveness of appellate counsel on direct appeal. The PCRA court denied relief on this claim, and we affirmed on February 17, 2005. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on August 2, 2005.

On November 30, 2005, Appellant filed a second PCRA petition. The PCRA court dismissed this petition as untimely, and Appellant filed no appeal from that order.

On October 27, 2014, Appellant filed this, his third, PCRA petition. On April 29, 2015, the PCRA court dismissed the petition as untimely. This timely appeal followed.

Appellant presents for our review ten questions pertaining to alleged ineffective assistance of prior counsel and court error for failing to regard both his second and third PCRA petitions as extensions of his first timely PCRA petition. He also baldly alleges that his failure to raise additional claims previously was the result of interference by the PCRA court in dismissing his first PCRA petition, where the court addressed only appointed counsel's amended petition to the exclusion of additional claims he had raised in his *pro se* petition.

Initially, we must determine whether Appellant timely filed his third PCRA petition. *See Commonwealth v. Hutchins*, 760 A.2d 50 (Pa.Super. 2000). "Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted). We will not entertain a second or subsequent request for PCRA relief unless the petitioner makes a strong *prima facie* showing that a miscarriage of justice may have occurred." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 837 A .2d 1157 (Pa. 2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition

will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(l)(i)-(iii). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citations omitted).

There is no dispute that Appellant failed to file the instant third PCRA petition within the one-year PCRA time-bar. *See* 42 Pa.C.S. § 9545(b)(1). To the extent Appellant attempts to overcome the time-bar by asserting the ineffective assistance of prior counsel, he may not prevail, for it is settled that ineffectiveness claims do not constitute the type of after-discovered evidence or interference encompassed by the PCRA time-bar exception. *See Commonwealth v. Gamboa–Taylor*, 753 A.2d 780, 785 (Pa. 2000) (holding ineffectiveness of counsel claims generally do not qualify as exception to PCRA time requirements).

Nor does Appellant's extension theory merit relief, as the Pennsylvania Supreme Court, in ***Commonwealth v. Robinson***, 837 A.2d 1157 (Pa. 2003), expressly rejected such a theory as a means by which to circumvent the timeliness requirements of the PCRA:

> [T]he PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act....
> ...
>
> the issue is simply whether the language of the PCRA contemplates or permits a court to innovate a non-textual exception to the PCRA's time-bar by indulging the fiction that a second or subsequent PCRA petition is an "extension" of a previous petition which was rejected on the merits in an order that has since become final. Since neither the language of the statute nor this Court's decisional law authorizes suspension of the time-bar in instances where the petitioner is seeking *nunc pro tunc* appellate relief or reiterating claims which were litigated on a previous petition, the statute obviously cannot bear [such an] interpretation.
> …
>
> Once a PCRA petition has been decided and the ruling on it has become final, there is nothing for a subsequent petition or pleading to "extend."

***Robinson***, 837 A.2d at 1161–62 (citations and quotation marks omitted). In light of such clear directive that we may not fashion equitable exceptions to the PCRA time-bar, we discern no basis to conclude that Appellant's petition was timely filed under an extension theory.[1]

_____

[1] Relatedly, Appellant's bald claim that his present PCRA petition is timely because, in his first PCRA proceedings, the PCRA court interfered with the presentation of his claim by addressing only the issues raised in appointed
*(Footnote Continued Next Page)*

Order is Affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2016

*(Footnote Continued)* ——————

counsel's amended petition—which excluded several claims raised in the *pro se* petition—is frivolous. Since Appellant was actively represented by counsel, it was appropriate for the court to consider only Appellant's counseled amended petition. ***See Commonwealth v. Ellis***, 626 A.2d 1137, 1139 (Pa. 1993) ("there is no constitutional right to hybrid representation either at trial or on appeal"); ***Commonwealth v. Pursell***, 724 A.2d 293, 302 (Pa. 1999) ("[w]e will not require courts considering PCRA petitions to struggle through the *pro se* filings of [petitioners] when qualified counsel represent[s] those [petitioners]"). We, therefore, discern no governmental interference on this record. Moreover, even if there were arguable merit to Appellant's claim—and there is not—we would observe to his detriment that he fails to support his claim with a pleading and proof that, with the exercise of due diligence, he could not have filed the claim earlier. ***See Marshall***, 947 A.2d at 720.