J-S11031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CALVIN JAY HUFFMAN | : | |
| | : | |
| Appellant | : | No. 1090 WDA 2016 |

Appeal from the PCRA Order July 6, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-CR-0001293-2011,
CP-26-CR-0001329-2011

BEFORE:   OLSON, RANSOM, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.[*]                **FILED FEBRUARY 28, 2017**

Appellant Calvin Jay Huffman appeals *pro se* from the Order denying his Amended Petition for Post Conviction Collateral Relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  For the reasons that follow, we vacate the PCRA court's July 6, 2016, Order and remand the matter to the PCRA court for further proceedings consistent with this memorandum.

The instant matter went to trial three times. The first trial held on June 6, 2012, resulted in a mistrial due to the appearance of inappropriate contact with a juror, and the second held on October 5, 2012, ended with a hung jury.  Following his third jury trial on June 5, 2013, Appellant was

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

convicted of one count of Aggravated Assault, two counts of Simple Assault, and one court each of Recklessly Endangering Another Person, Prohibited Person not to Possess Firearms and Firearms not to be Carried without a License.[2]

On June 11, 2013, Appellant was sentenced to an aggregate term of seven and one half (7 ½) years to fifteen (15) years in prison.   Appellant's post-sentence motion was denied, and Appellant filed a counseled, timely notice of appeal.  In a memorandum decision filed on February 5, 2015, this Court affirmed Appellant's judgment of sentence.  **See Commonwealth v. Huffman**, 120 A.3d 372 (Pa.Super. 2015) (unpublished memorandum).

Appellant filed a timely Motion for Post Conviction Collateral Relief *pro se* on October 22, 2015. Therein, Appellant claimed that his trial and appellate counsel had rendered ineffective assistance and that both trial counsel and the trial court had convinced him not to enter a guilty plea.  In its "Preliminary Post-Conviction Order" entered on November 10, 2015, upon finding that Appellant's motion was his first PCRA petition, the PCRA court appointed counsel, Dianne H. Zerega, ("Attorney Zerega") to represent Appellant and directed Attorney Zerega to file an amended PCRA petition within ninety (90) days.  Attorney Zerega complied and filed an Amended Petition for Post Conviction Collateral Relief on January 28, 2016, essentially

---

[2] 18 Pa.C.S.A. §§ 2702(a), 2701(a)(1), 2705, 6105(b) and 6106(a)(1), respectively.

asserting the claims raised by Appellant in his first, *pro se* Petition. The Amended Petition specifically alleged:

II. RELIEF IS REQUESTED FOR THE FOLLOWING REASONS

A.    Ineffective assistance of counsel:
1. [Appellant] asserts that his counsel provided him erroneous advice when his counsel informed him that a video of him shooting an automatic weapon would not be permitted to be introduced in his third trial, as the court in the second trial had prohibited its introduction into evidence.
a. [Appellant] asserts that his counsel relied on the statements of a jurist and did not investigate the matter.
2. [Appellant] asserts that his appellate counsel should have raised the ineffectiveness claim on appeal.

Amended Petition for Post Conviction Collateral Relief, filed 1/28/16, at 2 (unnumbered). Furthermore, Attorney Zerega requested a new trial and listed Appellant and trial counsel as intended witnesses at the PCRA hearing.

Numerous inconsistencies among several docket entries and time-stamped documents followed the filing of Appellant's counseled, Amended PCRA Petition. A docket entry for February 18, 2016, represents that the PCRA court filed its Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907; however, the corresponding document in the certified record entitled "Notice of Intention to Dismiss as Provided by Pennsylvania Rule of Criminal Procedure 907 'Disposition without Hearing'" is time-stamped May 20, 2016. The docket entries also indicate the PCRA court filed a Rule 907 Notice on May 24, 2016. In that Notice, the PCRA court provides that the parties "are

hereby notified that the undersigned intends to dismiss [Appellant's] Amended Post-Conviction Collateral Relief Act Petition [] that was sent to the undersigned's chambers on May 18, 2016." Appellant filed a *pro se* response thereto on June 20, 2016, and on July 6, 2016, the PCRA court dismissed Appellant's *pro se* Amended PCRA Petition filed on May 18, 2016, without a hearing, despite the fact that Attorney Zerega has remained Appellant's counsel of record. Thus, the trial court never ruled on the counseled, Amended Petition for Post Conviction Collateral Relief filed on January 28, 2016.

Prior to this time, in an undated, handwritten document time-stamped April 18, 2016, Appellant had requested an extension of time in which to file an amended PCRA petition. While the PCRA court characterized this document as also requesting the appointment of new counsel, Appellant did not do so therein but instead stated he needed an extension of time in which to file an amended PCRA as he "obviously know[s] nothing about the law so I need time to figure it out." Apparently, the PCRA court received Appellant's request prior to the time-stamped filing date of April 18, 2016, for in its Order dated April 14, 2016, and entered on April 18, 2016, the PCRA court granted Appellant's request for an extension of time to file a response to its Notice of Intention to Dismiss his PCRA petition pursuant to PaR.Crim.P. 907, but it denied what it perceived to be Appellant's additional request to obtain new counsel.

Appellant filed a notice of appeal *pro se* on July 25, 2016, and in its Order entered on August 4, 2016, the PCRA court directed him to file a concise statement of the matters complained of on appeal. Appellant filed his Rule 1925(b) statement *pro se* on August 8, 2016, and again on August 17, 2016, wherein he asserted the following:

> 1. Trial counsel provided deficient performance for failing to register an objection to the trial court's failure to accurately appraise the jury on the correct law in charging the jury on the elements of aggravated assault.
>
> 2. The trial judge violated the code of judicial conduct and denied [Appellant] due process of law where the judge, without an objection from the prosecution, extensive interruption of defense counsel's closing argument constituted an advocacy of a point of view favoring the prosecution; the judge's actions exhibited incredulity regarding the plausibility of defense counsel's closing argument in advocacy for the prosecution.
>
> 3. The trial judge was in advocacy for the district attorney whereas a bill or particulars was never filed by the Commonwealth; the only authoritative and valid document was the charging bill of information; the trial court's conduct was in violation of the code of judicial conduct Canon(1), Canon(2), Canon(3).

*See* Statement of Matters Complained of on Appeal Pursuant to Pa.R.Crim.P. Rule 1925(B), filed 8/8/16; 8/17/16 (unnecessary capitalization omitted). The PCRA court filed its Statement in Lieu of Opinion on August 25, 2016. The Commonwealth has not filed an appellate brief.

Before deciding the merits of any of the claims Appellant presents, we must address the propriety of his *pro se* status. As stated previously, the PCRA court appointed Attorney Zerega to represent Appellant in the PCRA proceeding; however, our review of the docket entries and certified record

reveals that although she filed an Amended Petition for Post Conviction Collateral Relief on January 28, 2016, she took no further action on Appellant's behalf. Importantly, Attorney Zerega never filed a motion to withdraw as Appellant's counsel, and Appellant at no time filed a motion requesting to proceed *pro se*. In addition, the PCRA court denied in its April 14, 2016, Order what it deemed to be Appellant's request to appoint alternate counsel.

In light of the foregoing, we deduce from the PCRA court's aforementioned Orders issued in response to Appellant's *pro se* filings that although it did not appoint new PCRA counsel for Appellant, it tacitly treated Appellant's request for an extension of time in which to file an amended PCRA petition as a petition to proceed *pro se* and granted the same without ever conducting a hearing pursuant to **Commonwealth v. Grazier**, 522 Pa. 9, 713 A.2d 81 (1998).[3] However, because Appellant has been represented by counsel, the prohibition on "hybrid representation" precluded the PCRA court from ruling on the merits of his *pro se* Amended PCRA Petition. **See Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa.Super. 2007) (describing counseled defendant's *pro se* post-sentence motion as "a nullity, having no legal effect"). Indeed, our Supreme Court has long ruled that the

---

[3] In **Grazier**, our Supreme Court set forth the parameters for the trial court to follow in making a determination as to whether a defendant intentionally, knowingly and voluntarily waived his right to representation.

prohibition against hybrid representation precludes consideration of *pro se* filings while a petitioner is represented by counsel. **See Commonwealth v. Jette**, 611 Pa. 166, _____, 23 A.3d 1032, 1044 (2011) ("[T]he proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion") (citations omitted); **see also Commonwealth v. Ellis**, 534 Pa. 176, 180, 626 A.2d 1137, 1139 (1993) ("[T]here is no right to hybrid representation either at trial or on appeal") (citation omitted).

A PCRA petitioner has a rule-based right to counsel during the litigation of his or her first PCRA petition. **See** Pa.R.Crim.P. 904. The right to counsel conferred on initial PCRA review constitutes "an enforceable right" to the effective assistance of counsel. **Commonwealth v. Holmes**, 621 Pa. 595, 631, 79 A.3d 562, 583 (2013). Presently Appellant, though still represented by Attorney Zerega, filed an Amended PCRA Petition and notice of appeal *pro se* from the PCRA court's denial thereof. Because Appellant is entitled to representation during initial PCRA review and effective assistance of counsel during the litigation of his PCRA Petition, and his *pro se* filing which forms the basis of this appeal was a legal nullity, **See Ellis**, **supra**, we are compelled to vacate the Order denying Appellant's Amended PCRA Petition and remand for further proceedings.

On remand, we direct the PCRA court to conduct a **Grazier** hearing within thirty (30) days of the date of this Memorandum to determine if Appellant wishes to proceed *pro se*. Should Appellant wish to proceed with

the assistance of counsel, Attorney Zerega, within thirty days (30) of the date of the *Grazier* hearing, is directed to file an amended PCRA petition to include those claims of ineffectiveness of prior counsel she raised in the Amended Petition for Post Conviction Collateral Relief filed on January 28, 2016, along with those distinct claims Appellant raised in his *pro se* Amended Petition for Post Conviction Collateral Relief filed on May 18, 2016, and to seek an evidentiary hearing, if necessary. Should Appellant proceed *pro se*, he may file an amended PCRA petition raising his claims of ineffective assistance of counsel and judicial misconduct within thirty (30) days of the *Grazier* hearing, and request an evidentiary hearing on those issues, if necessary.

Order vacated; case remanded for further proceedings consistent with this Memorandum; Superior Court jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2017