J-S32023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TODD WHITE | |
| Appellant | No. 2394 EDA 2016 |

Appeal from the PCRA Order June 24, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: CP-51-CR-1009401-2001; CP-51-CR-1009411-2001

BEFORE:  GANTMAN, P.J., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED JULY 18, 2017**

Appellant, Todd White, appeals from the June 24, 2016 order entered in the Court of Common Pleas of Philadelphia County ("PCRA court"), dismissing his petition for collateral relief pursuant to the Post conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The PCRA court summarized the procedural history of the matter as follows.

> On September 24, 2002, following a jury trial before [the trial court], [Appellant] was convicted of rape (F-1), involuntary deviate sexual intercourse (IDSI) (F-1), 13 counts of robbery (F-1), criminal conspiracy (F-1), and possessing instruments of crime (PIC) (M-1).  Sentencing was deferred until November 13, 2002, on which date [the trial court] imposed an aggregate sentence of not less than 48-and-a-half years nor more than 123

---

[*] Former Justice specially assigned to the Superior Court.

years in prison. On December 1, 2004, Superior Court [(sic)] affirmed [Appellant's] judgment of sentence; [Appellant] did not seek *allocatur*.

On September 2, 2005, [Appellant] filed his first PCRA petition. Counsel had been appointed; however, following [Appellant's] request to proceed *pro se*, a **Grazier** hearing was held on May 31, 2006. Following the **Grazier** hearing, [Appellant] was permitted to proceed *pro se*. The Commonwealth filed a motion to dismiss on September 28, 2006. [Appellant] replied to the Commonwealth's motion to dismiss on October 12, 2006. After conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 908 (908 Hearing), on July 9, 2007, [the PCRA court] dismissed [Appellant's] PCRA petition. On May 21, 2009, Superior Court [(sic)] affirmed [the PCRA court's] dismissal and, on December 9, 2009, our Supreme Court denied [Appellant's] petition for allowance of appeal.

On February 5, 2010, [Appellant] filed a second, untimely, PCRA petition. The Commonwealth filed a motion to dismiss on December 30, 2010. On January 4, 2011, [the PCRA court] sent [Appellant] notice of its intent to deny and dismiss his PCRA petition without a hearing pursuant to PA.R.Crim.P. 907 (907 Notice). On March 4, 2011, [Appellant's] PCRA petition was dismissed consistent with [the PCRA court's] 907 Notice. [Appellant] did not appeal the dismissal of this untimely PCRA Petition.

[Appellant] filed a third PCRA petition on May 21, 2012. On August 15, 2014, [the PCRA court] sent [Appellant] a 907 Notice of its intent to dismiss his petition as untimely, as it failed to satisfy any of the timeliness exceptions. Thereafter, on October 16, 2014, [Appellant's] PCRA petition was dismissed consistent with the 907 Notice. [Appellant] did not appeal the dismissal of this PCRA petition.

On November 13, 2015, [Appellant] filed a fourth untimely *pro se* PCRA petition. Having determined that [Appellant's] claim did not satisfy any of the timeliness exceptions enumerated in 42 Pa.C.S.[A.] § 9545(b)(1), [the PCRA court] sent a 907 Notice on May 20, 2016. [Appellant] did not respond. On June 24, 2016, [the PCRA court] dismissed [Appellant's] PCRA petition as untimely, consistent with its 907 Notice.

PCRA Court Opinion, 9/26/16, at 1-3 (footnotes omitted). Appellant filed a timely notice of appeal. On August 8, 2016, the PCRA court directed Appellant to file a concise statement of matters complained of on appeal. Appellant complied on August 25, 2016, and the PCRA court issued a Pa.R.A.P. 1925(a) Opinion on September 26, 2016.

Appellant raises four issues on appeal which we repeat verbatim.

I. Did not the PCRA court dismiss Appellant's PCRA without a hearing to determine whether or not Appellant's (60) sixty day exception rule was within the (60) day rule/law of the hybrid-representation.

II. Did not the lower judge commit and error/government interference under 9445(b)(i)(i) when she allow PCRA counsel to remove herself from the Appellant's PCRA without first confirming counsel did all of the proper procedure"s[.]

III. Did not the PCRA counsel Jacquelyn A. Barnes commit abandonmen of loyalty when she fail to file and amendment brief on the Appellant's behalf and or file a Turner/Finley letter to suppo her reasons for not doing so.

IV. Did not the Commonwealth commit the same interference when it fail to oject to the allowance of counsel being allow to withdraw without complying with the Turner/Finely law, rules, and procedures.

Appellant's Brief at V (sic).

Preliminarily, "an appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (quoting *Commonwealth v. Colavita*, 993 A.2d 874, 887 (Pa. 2010)).

- 3 -

Furthermore, all PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). These "restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted).

There are only three exceptions to the timeliness requirement of the PCRA. These exceptions are

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively;

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

While Appellant briefly addresses the timeliness requirement in his brief, he fails to establish any of the exceptions apply. Appellant asserts that his discovery of *Commonwealth v. Ellis*, 626 A.2d 1137 (Pa. 1993),

- 4 -

provides newly discovered evidence that satisfies the exception to the timeliness requirement. *See* Appellant's Brief at 6. Appellant's argument is fatally flawed as "[our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." ***Commonwealth v. Cintora***, 69 A.2d 759, 763 (Pa. Super. 2013) (citations omitted). Thus, Appellant failed to prove the newly discovered fact exception to the PCRA's timeliness requirement.

Next, Appellant asserts the government interference exception applies because the PCRA court permitted his first PCRA counsel to withdraw after a ***Grazier***[1] hearing on May 30, 2006. Appellant further asserts the government interference exception applies because the Commonwealth failed to object to Appellant appearing *pro se* after the ***Grazier*** hearing. Even if these claims were properly plead and meritorious, Appellant failed to bring this claim within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). Thus, Appellant's governmental interference claims fail. As Appellant has failed to properly plead and prove a timeliness exception to the PCRA applies, we conclude the PCRA court properly dismissed Appellant's petition as untimely.

Order affirmed.

---

[1] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/18/2017