626 A.2d 1137

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James ELLIS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 21, 1992.

Decided May 27, 1993.

William C. Kaczynski (Court-appointed), Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Claire C. Capristo, Deputy Dist. Atty., Kemal A. Mericli, Asst. Dist. Atty., Pittsburgh, for appellee.

Catherine Marshall, Chief–Appeals Unit, George S. Leone, Asst. Dist. Atty., Philadelphia, for Pennsylvania Dist. Attys. Ass'n.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

The sole issue raised on this appeal is whether Superior Court is required to review pro se briefs filed by represented appellants.

Appellant James Ellis was convicted by jury of robbery and driving under the influence of alcohol and was sentenced to an aggregate term of five to ten years.

A number of issues were raised on appeal to Superior Court, and although Ellis was represented by counsel who filed an appellate brief before Superior Court, Ellis attempted to file his own brief as well. Superior Court declined to review his brief and affirmed the conviction. Thereafter, Ellis petitioned this court for allowance of appeal, and we granted allocatur limited to the issue of whether it was error for Superior Court to refuse to review Ellis's pro se brief.

Judge Ford Elliot, writing for an *en banc* panel of Superior Court, first reviewed the statutory and constitutional status of pro se representation. Superior Court's pro se policy is as follows:

> All pro se petitions, motions, and briefs shall be filed in this Court and docketed by the Prothonotary. If the litigant himself or herself files a petition, motion or brief and is represented by counsel, copies of the said document filed shall be forwarded to his or her counsel of record.

20 Pa.Bull. 3147 (1990) (to be codified at 210 Pa.Code Ch. 65 § 65.24).

*Commonwealth v. Ellis*, 398 Pa.Super. 538, 543, 581 A.2d 595, 597 (1990).

Superior Court then noted that in Pennsylvania, there is a constitutional right of appeal pursuant to the Pennsylvania Constitution [1] and the right to an attorney in a criminal case.[2] Additionally, the United States Supreme Court has ruled that a defendant has the right to self-representation in a criminal proceeding, which he may exercise by a knowing and voluntary waiver of his right to counsel, *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). *See* Pa.

1. The Pennsylvania Constitution provides:
   There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.
   Art. 5, § 9.

2. The Pennsylvania Constitution provides:
   Rights of Accused in Criminal Prosecutions
   Section 9. In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land.
   Art. 1, § 9.

R.Crim.P. 318 [3]; *Commonwealth v. Davis,* 479 Pa. 274, 388 A.2d 324 (1978).

Superior Court next pointed out that there is no right of self-representation together with counseled representation ("hybrid representation") at the trial level, *Commonwealth v. Colson,* 507 Pa. 440, 490 A.2d 811 (1985), although standby counsel may be appointed to give the defendant legal advice, Pa.R.Crim.P. 318(d).

From this, Superior Court concluded that there is no statutory or constitutional requirement that a court must review a pro se appellate brief which is submitted by a counseled appellant. Moreover, Superior Court stated the following policy reasons against reviewing pro se briefs where appellant is represented by counsel: that permitting the pro se brief may involve a conflict between lawyer and client, and this conflict could undermine appellant's chance of success; that counsel is obligated to submit to the appellate court only those issues which he believes to possess merit; that under no other circumstances are counsel and client permitted to present opposing arguments to Superior Court, as may well happen if

**3.** Pa.R.Crim.P. 318 provides:

(a) Generally. The defendant may waive the right to be represented by counsel.

(b) Proceedings Before an Issuing Authority. When the defendant seeks to waive the right to counsel in a summary case or for a preliminary hearing in a court case, the issuing authority shall ascertain from the defendant whether this is a knowing, voluntary and intelligent waiver of counsel. In addition, the waiver shall be in writing,

(1) Signed by the defendant, with a representation that the defendant was told of the right to be represented and to have an attorney appointed if the defendant cannot afford one, and that the defendant chooses to act as his or her own attorney at the hearing or trial; and

(2) Signed by the issuing authority, with a certification that the defendant's waiver was made knowingly, voluntarily and intelligently. The waiver shall be made a part of the record.

(c) Proceedings Before a Judge. When the defendant seeks to waive the right to counsel after the preliminary hearing, the judge shall ascertain from the defendant, on the record, whether this is a knowing, voluntary and intelligent waiver of counsel.

(d) Standby Counsel. When the defendant's waiver of counsel is accepted, standby counsel may be appointed for the defendant. Standby counsel shall attend the proceedings and shall be available to the defendant for consultation and advice.

both are permitted to submit briefs; and finally, that reviewing pro se briefs of counseled appellants would lead to procedural confusion and delay in the appellate process because of the need for the court and the Commonwealth to review and evaluate additional pro se briefs.

For these reasons, Superior Court stated its holding as follows:

> We will accept for filing *pro se* appellate briefs, but we will not review a *pro se* brief if a counseled brief has been filed, either before, simultaneously with, or after the *pro se,* due to the judicial confusion and delay that ensues. Because we refuse to play a timing game or that of a mind reader, trying to determine what the *pro se really* wants, we see no difference as to when the *pro se* brief is filed in relation to the counseled brief. If a *pro se* brief is filed in a counseled appeal, we direct the prothonotary to send the *pro se* brief on to counsel who is best able to determine in her [sic] professional judgment which of the *pro se's* issues should be presented for our review. Counsel may argue such pertinent issues in her [sic] brief to the court, or if the appellate brief has been filed, she [sic] may file a supplemental brief addressing those same issues. If the *pro se* brief alleges ineffectiveness of appellate counsel or an affirmative desire to be heard *pro se,* we direct counsel to petition this court to remand the case to the trial court so that it may conduct a full hearing in order to determine appellant's knowing and intelligent waiver of his right to appellate counsel, and of his desire to proceed *pro se,* or in the case of ineffectiveness, an appointment of new appellate counsel.

398 Pa.Super. at 550, 581 A.2d at 600–01. Accordingly, Superior Court declined to review appellant's pro se brief. For the reasons that follow, we affirm.

■ As to the constitutional right to hybrid representation, Superior Court was correct in its determination that there is no constitutional right to hybrid representation either at trial or on appeal. In *Commonwealth v. Colson,* 507 Pa. 440, 461, 490 A.2d 811, 821 (1985), this court stated:

Appellant's next argument is that the court wrongly denied him permission to act as co-counsel. He was represented by an attorney. A defendant has the constitutional right to proceed without counsel if the decision to do so is knowing and voluntary, *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), accord, *Commonwealth v. Davis,* 479 Pa. 274, 388 A.2d 324 (1978). In *Commonwealth v. Williams,* 270 Pa.Super. 27, 410 A.2d 880 (1979), the court held that the same constitutional right does not apply to a defendant represented by an attorney who wishes to act as co-counsel and that the decision as to whether that is to be allowed is in the sound discretion of the trial court. We agree and see no basis for a finding of abuse of discretion in the instant case.

If there is no constitutional requirement to permit hybrid representation at trial, there is, a fortiori, no constitutional right to hybrid representation on appeal, for as the district attorney points out, it is the trial stage where a defendant's knowledge of the facts and his emotional arguments are most likely to be helpful, not the appellate stage, where legal arguments and literacy are most likely to be persuasive. In other words, if there is no justification for hybrid representation at trial, there is even less on appeal.

■ Since there is no constitutional right to hybrid representation, and since no statute mandates hybrid representation on appeal, we turn to policy considerations, pursuant to our duty, under Art. V. § 10 of the Pennsylvania Constitution to supervise the practice and procedure of all courts.[4] The first of those is Ellis's argument that it is more efficacious, ultimately, to review the pro se briefs than to deny review and be faced later with withdrawal of counsel and ineffectiveness

4. Art. V, § 10 provides, in pertinent part:
   (a) The Supreme Court shall exercise general supervisory and administrative authority over all the courts and justices of the peace....

   *   *   *   *   *   *

   (c) The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, justices of the peace....

claims. Appellant well describes the difficulties which may arise between the "jail-house lawyer" client and his attorney:

> Every seasoned criminal lawyer has represented, on at least an annual basis, a "jail-house lawyer" who is absolutely convinced that a certain reported decision rendered by a [sic] obscure parish trial court in Louisiana is on all fours with his particular case, and that it unarguably holds the keys to his freedom. To expect such a client to hold his silence on this issue and citation of authority is often unrealistic, even after mutual trust between attorney and client has been established. This kind of client is even more prone to insist on self-expression to the Trial and Appellate Court where counsel is either a public defender or court-appointed, and where mutual trust has not yet developed. Under such circumstances, counsel's choice is to either file his or her brief for appellant citing preposterous and suspect authority so as to satisfy the client, or counsel may ignore the client's citations and arguments in the exercise of professional judgment and thereby risk being named as the culpable party in a frivolous post-conviction proceeding. Even the conscientious attorney will be hard pressed to risk a breach with his client over this issue and, under these circumstances, this court will be ultimately faced with a supplemental brief of the *Anders* variety containing the Louisiana citation. In either event, nothing will have been accomplished by ignoring the pro se brief, since the District Attorney will be required to respond to the supplemental brief and the Appellate Court will be required to address the pro se issue raised.

Appellant's Brief at 23–24. While we concur with appellant's description of the problem, we disagree with his conclusion. Tails should not wag dogs. Merely because an appellant believes that the irrelevant is relevant is no reason to turn the system on its head and solemnly contemplate the wisdom of a person who does not have the sense to be guided by experts in an area where he himself possesses no expertise.

Next, if appellate counsel's arguments do not prevail and the appellant is convinced that his own unheeded arguments

should have been presented, he need only file a petition pursuant to the Post Conviction Relief Act,[5] claiming appellate counsel's ineffectiveness.

Moreover, in 1991 Superior Court received 6,743 appeals, 3,200 of which were criminal appeals.[6] Adding pro se briefs to even a portion of these cases would overwhelm an already overburdened court. Not only would the court and the Commonwealth have to read more briefs, but both the court and the prosecution would have to attempt to decipher the meaning and the legal significance of what are often illiterate, rambling documents, which at best are frustrating and at worst offer nothing at all of relevance to the case.

Finally, both the Commonwealth and Superior Court are correct in emphasizing the importance of expert, focused appellate advocacy. While criminal defendants often believe that the best way to pursue their appeals is by raising the greatest number of issues, actually, the opposite is true: selecting the few most important issues succinctly stated presents the greatest likelihood of success. We concur with the view of an eminent appellate jurist, Judge Ruggero Aldisert, that the number of claims raised in an appeal is usually in inverse proportion to their merit and that a large number of claims raises the presumption that all are invalid. As Judge Aldisert puts it, "Appellate advocacy is measured by effectiveness, not loquaciousness." R. Aldisert, "The Appellate Bar: Professional Competence and Professional Responsibility—A View From the Jaundiced Eye of One Appellate Judge," 11 Cap.U.L.Rev. 445, 458 (1982).

In sum, by denying appellants in criminal cases hybrid representation and refusing to consider their pro se briefs, Superior Court did not adversely affect their constitutional rights but did, on the other hand, thoughtfully and fairly provide for the adjudication of criminal appeals. A represented appellant may petition to terminate his representation; he may, acting pursuant to the rules of criminal procedure,

5. The Post Conviction Relief Act, 42 Pa.C.S. § 9541 et seq.

6. *Superior Court of Pennsylvania Annual Report 1991.*

proceed on his own behalf. Conversely, he may elect to allow counsel to take his appeal, but, should counsel not prevail, assert counsel's ineffectiveness at a later time and, thus indirectly, assert the claims he would have made on direct appeal. The only thing he may not do is confuse and overburden the court by his own pro se filings of briefs at the same time his counsel is filing briefs on his behalf.

Affirmed.

LARSEN, J., files a dissenting opinion.

MONTEMURO, J., did not participate in the consideration or decision of this case.

LARSEN, Justice, dissenting.

I dissent. Appellate review of legitimate issues of justice should not be precluded because the pro se defendant raises an issue that his attorney did not recognize or did not agree with. Many times, defendants are without the resources necessary to secure the legal representation of their choice, leaving them at the mercy of court appointed attorneys. Moreover, the fact that a defendant raises issues in his or her pro se brief, other than those raised by his or her attorney, cannot mean that the issues are not compelling or valid. To make a blanket statement that such issues are not worthy of appellate review denies these pro se defendants any semblance of justice.

Additionally, this Court now allows criminal attorneys to get away with legal malpractice up to and possibly including reckless and wanton disregard of the defendant's interest. *See Bailey et al. v. Tucker et al.,* 621 A.2d 108, 114 (1993). With such lax accountability for attorneys representing criminal defendants, any court should welcome pro se briefs.