**Commonwealth v. Stevenson**

*Kristine M. Ricketts, deputy attorney general*, for Commonwealth.

*Dennis A. Elisco*, Lawrence Keith, and Darrell Haeberle, for defendant.

PICCIONE, *J.*, March 28, 2011—This opinion is issued pursuant to Pa.R.A.P. 1925(a) in support of the order of court dated August 31, 2010, sentencing defendant Zaamar Stevenson (hereinafter, "defendant") to a term of incarceration of not less than four (4) years nor more than seventeen (17) years state incarceration. Defendant was sentenced following his convictions on April 19, 2010 on two counts of possession of a controlled substance, two counts of possession with intent to deliver a controlled substance, two counts of delivery of a controlled substance, and one count of criminal use of a communication cacility.

This matter arises out of two controlled drug purchases that took place on December 22, 2008 and December 31, 2008. On December 22, 2008, agent Jason Hammerman of the Office of the Attorney General directed a confidential informant to call defendant for the purpose of purchasing crack cocaine. As a result of the telephone call, a drug purchase was organized where the confidential informant would purchase half an ounce of crack cocaine from defendant for $600.00 at the McDonald's and Pilot Gas Station on Route 422 in Butler County. The confidential informant would pay $300.00 for the crack cocaine and an additional $300.00 for a debt the confidential informant owed to defendant. The confidential informant and Agent Hammerman drove to the agreed-upon location and, upon arrival, the confidential informant was searched and found to be free of drugs, money, and contraband. The confidential informant then received a call from the same number used to organize the drug transaction, and the confidential informant indicated that he was to meet defendant in the McDonald's bathroom. The confidential informant

entered the McDonald's followed shortly thereafter by a black male identified as defendant. Agent Benjamin Waugaman was present in the McDonald's bathroom when defendant met with the confidential informant and positively identified defendant as the individual who sold the crack cocaine. After the confidential informant exited the bathroom, he returned to Agent Hammerman's vehicle and produced the crack cocaine. On December 31, 2008, the confidential informant was again directed by Agent Hammerman to call defendant to set up a drug deal. The second controlled drug purchase proceeded in a similar manner to the December 22, 2008 purchase.

Defendant was arrested shortly after the second controlled drug purchase. A jury trial was held in April of 2010 during which defendant asserted the defense of entrapment. The jury rejected the defense and convicted defendant of the offenses listed above on April 19, 2010. He was sentenced to a term of incarceration of four to 17 years on August 31, 2010. Following sentencing, defendant filed a post-sentence motion for judgment of acquittal, which was denied by operation of law on January 13, 2011.

Initially, the court notes that two appeals were filed in this matter. On February 7, 2011, defendant filed a pro se appeal of the January 13, 2011 order denying by operation of law his post-sentence motion for judgment of acquittal. Defendant also indicates that his pro se appeal applies to an order entered on September 15, 2010. The two docket entries for September 15, 2010 are defendant's post-sentence motion for judgment of acquittal and an order of court scheduling oral argument or on at motion.

In addition to defendant's pro se appeal, an appeal of the August 31, 2010 sentencing order was filed on January 31, 2011 by defendant's counsel, the Lawrence County Office of the Public Defender. Defendant and his counsel filed separate Pa.R.A.P. 1925(b) statements. Both statements allege errors committed during defendant's trial.

The Supreme Court of Pennsylvania has held that appellants in criminal cases possess no constitutional right to hybrid representation. *Commonwealth v. Ellis*, 534 Pa. 176, 180, 626 A.2d 1137, 1139 (Pa. 1993).

> A represented appellant may petition to terminate his representation; he may, acting pursuant to the rules of criminal procedure, proceed on his own behalf. Conversely, he may elect to allow counsel to take his appeal, but, should counsel not prevail, assert counsel's ineffectiveness at a later time and, thus indirectly, assert the claims he would have made on direct appeal. The only thing he may not do is confuse and overburden the court by his own pro se filings of briefs at the same time his counsel is filing briefs on his behalf. *Id.* at 1140.

When an appellant represented by counsel files a pro se petition, brief, or motion, appellate court s typically forward the document to the appellant's counsel. *Commonwealth v. Battle*, 883 A.2d 641, 644 (Pa. Super. 2005) (citing 210 Pa.Code § 65.24). Similarly, the pro se Rule 1925(b) statement of an appellant represented by counsel is considered a nullity. *Commonwealth v. Ali*, 608 Pa. 71, 89, 10 A.3d 282, 293 (Pa. 2010).

Because defendant is represented by an attorney that filed a 1925(b) statement on defendant's behalf, defendant's

pro se 1925(b) statement must be regarded as a nullity. The fact that defendant and his counsel are purportedly appealing different orders is of no consequence. Both 1925(b) statements allege errors that occurred during defendant's trial. The pro se statement does not even mention the denial of his post-sentence motion for judgment of acquittal. As a result, the court will disregard the pro se 1925(b) statement and address the issues raised by defendant's counsel.

In his first issue on appeal, defendant claims that the court erred when it denied his motion for judgment of acquittal when the evidence presented was sufficient as a matter of law to support the defendant's entrapment defense. Defendant does not specify which notion for judgment of acquittal was improperly decided. With respect to defendant's post-sentence motion for judgment of acquittal, the court submits that the motion was untimely. Rule 720 of the Pennsylvania Rules of Criminal Procedure states that "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P.720(a)(1). Defendant was sentenced on August 31, 2010, and his motion was filed on September 15, 2010, well after the 10-day deadline.

With respect to defendant's oral motion for judgment of acquittal made during trial at the conclusion of the commonwealth's case, defendant's motion was also without merit, as the evidence presented was insufficient as a matter of law to establish the defendant's entrapment defense. The Crimes Code defines entrapment in relevant part as follows:

(a) General rule.- A public law enforcement official

or a person acting in cooperation with such an official perpetrates an entrapment if for the purpose of obtaining evidence of the commission of an offense, he induces or encourages another person to engage in conduct constituting such offense by either:

(1) making knowingly false representations designed to induce the belief that such conduct is not prohibited; or

(2) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it. 18 Pa.C.S.A. § 313.

In determining whether an entrapment was perpetrated in a particular case, the inquiry should focus on the conduct of the police and not on the defendant's prior criminal activity or other indicia of a predisposition to commit crime. *Commonwealth v. Weiskerger*, 520 Pa. 305, 311, 554 A.2d 10, 13 (Pa. 1989); *Commonwealth v. Lucci*, 662 A.2d 1, 3 (Pa. Super. 1995). "In their zeal to enforce the law, government agents may not originate a criminal design, implant in an innocent person's mind the disposition of a criminal act and then induce commission of the crime so that the government may prosecute." *Commonwealth v. Borgella*, 531 Pa. 139, 143, 611 A.2d 699, 701 (Pa. 1992). However, "[w]here police 'do no more than afford [a defendant] an opportunity' to commit an illegal act, their actions are not considered sufficiently outrageous police conduct to support an entrapment defense." *Commonwealth v. Marion*, 981 A.2d 230, 239 (Pa. Super. 2009) (citing *Commonwealth v. Morrow*, 650

A.2d 907, 913 (Pa. Super. 1994).

The determination of whether police conduct constitutes entrapment is for the jury, unless the evidence of police conduct clearly establishes entrapment as a matter of law and there is no dispute as to the operative facts relating to the defense. *Marion*, 981 A.2d at 239 (citing *Lucci*, 662 A.2d at 3). Operative facts are those facts that are necessary to prove the defense of entrapment. *Marion*, 981 A.2d at 239 (citing *Lucci*, 662 A.2d at 4). "Under the objective test for entrapment, these would be facts that go to the course of conduct of a government officer or agent that would fall below the standards to which common feelings respond, for the proper use of government power." *Id.*

In support of his oral motion for judgment of acquittal, defendant argued that the confidential informant and agents induced him to commit the crimes with which he was charged. According to defense counsel, the confidential informant testified that defendant initially refused to sell crack cocaine to the confidential informant. Defense counsel characterized the confidential informant's testimony as follows: "[defendant] said he wasn't going to do it and didn't want to do it[.]" N.T., 4/19/10, at 53. Defendant was allegedly convinced by the Pennsylvania attorney general's office to sell the confidential informant crack cocaine. For example, defense counsel claimed that the attorney general's office "used the fact that the confidential informant owed [defendant] money, it was around Christmas [and defendant needed money to buy his children toys and a Christmas tree.]" *Id.* The court concluded that portions of the testimony elicited were inconsistent with defendant's claims of inducement and

persuasion. For example, Agent Hammerman testified that the Attorney General's office generally does not consider the personal life of the subject of an investigation. N.T., 4/15/10, at 61. In addition, the confidential informant was hesitant to testify that defendant was "getting out of dealing drugs." N.T., 4/19/10, at 17, 18. Furthermore, the confidential informant indicated that defendant called him prior to the drug transactions at issue and asked the confidential informant to sell crack cocaine for defendant in Butler County. *Id.* at 38, 39. As a result, there was a dispute regarding whether the attorney general's office induced or encouraged defendant to sell the confidential informant crack cocaine. Because an operative fact was in dispute at the time defendant's motion was made, the court properly denied defendant's motion. Whether the conduct of the attorney general's office constituted entrapment was a question for the jury to decide.

Defendant's next claim is that the court erred as a matter of law when it instructed the jury with respect to credibility of the undercover agents. After reviewing the trial transcript, the court could not identify which portion of the jury instruction that defendant is challenging. For further clarification on the issue, the court reviewed defendant's post-sentence motion for judgment of acquittal, which states that the court erred "because it informed the jury, through the metaphor of who was standing trial, that the jury was not to be too much concerned about the credibility of the undercover agents." Defendant may be referring to the following portion of the instruction:

You should not disbelieve the defendant's testimony

merely because he is the defendant. In weighing his testimony, however, you may consider the fact that he has a vital interest in the outcome of this trial. You may take the defendant's interest into account, just as you would the interest of any other witness, along with all other facts and circumstances bearing on credibility in making up your mind what weight his testimony deserves. *Id.* at 46.

Although this instruction does not explicitly refer to undercover agents, "it adequately conveys the concept that the personal interest of a witness may have an impact upon his testimony and should be taken into account in making credibility determinations." *Commonwealth v. Gibson*, 553 Pa. 648, 666, 720 A.2d 473, 481 (Pa. 1998). Therefore, the court  properly and accurately informed the jury of the law. *Id.* Additionally, the court  notes that defendant failed to make a timely objection to the jury instruction. N.T., 4/19/10, at 70. "A specific and timely objection must be made to preserve a challenge to a particular jury instruction." *Commonwealth v. Moury*, 992 A.2d 162, 178 (Pa. Super. 2010). As a result, this issue is waived. *Id.*

Defendant's next claim is that the court  erred in permitting the confidential informant to testify concerning an unrelated instance of prior bad acts. The court  assumes that defendant is referencing testimony regarding telephone conversations between defendant and the confidential informant that took place several weeks prior to the drug transactions at issue. According to the confidential informant's testimony, defendant offered to sell the confidential informant crack cocaine. N.T.,

4/19/10, at 36-39. "Generally, evidence of prior bad acts or unrelated criminal activity is inadmissible to show that a defendant acted in conformity with those past acts or to show criminal propensity." *Commonwealth v. Sherwood*, 603 Pa. 92, 114, 982 A.2d 483, 497 (Pa. 2009) (citing Pa.R.E. 404(b)). "However, evidence of prior bad acts may be permissible when offered to prove some other relevant fact, such as motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident." *Id.* The Commonwealth did not elicit the testimony from the confidential informant to show that defendant acted in conformity with the past act or to show criminal propensity. Instead, the Commonwealth was attempting to demonstrate that defendant initiated contact with the confidential informant and thereby rebut allegations of entrapment. The testimony tended to show that defendant was not induced to sell drugs. Therefore, the testimony was properly admitted. Furthermore, defendant failed to make a specific objection to the testimony of prior bad acts, and as a result, the objection is waived.

Defendant's next claim is that the court erred by failing to properly instruct the jury as to the burden of the Commonwealth with respect to the defense of entrapment. The statute governing the entrapment defense states that "a person prosecuted for an offense shall be acquitted if he proves by a preponderance of the evidence that his conduct occurred in response to an entrapment." 18 Pa.C.S.A. § 313(b).

Prior to 1972, when the new crimes code was enacted, the law employed a "subjective test to determine whether a defendant had been entrapped. The focus

was on the defendant's predisposition to committing the crime, rather than the conduct of law enforcement. As such, the burden fell on the Commonwealth to disprove entrapment (or lack of intent) beyond a reasonable doubt. However, upon the enactment of 18 Pa.C.S.A. § 313 as part of the 1972 Crimes Code, the burden, along with the nature of the test to determine entrapment shifted. The focus of the fact-finder's inquiry became the conduct of the police and the burden shifted to defendants to prove by a preponderance of the evidence, that they had been entrapped. *Commonwealth v. Willis*, 990 A.2d 773, 775 (Pa. Super. 2010) (citations omitted).

The court instructed the jury on the defendant's burden, stating that "defendant has the burden of proving an entrapment by a preponderance of the evidence[.]" N.T., 4/19/10, at 40-41. The court did not reference any burden of the Commonwealth with respect to the defense of entrapment. In light of the above-cited case law, the court concludes that it provided the jury with a proper and accurate instruction.

Defendant's final claim is that the court erred by allowing the Commonwealth to introduce evidence that defendant violated his parole by using a cell phone. The court submits that defendant initially raised the issue of his parole violation on cross examination. N.T., 4/19/10, at 76. The Commonwealth did not introduce evidence of the parole violation. The Commonwealth merely cross-examined defendant on his testimony. *Id.* at 98-99. In addition, defendant failed to object to the questioning. *Id.* Therefore, this issue is also waived.

## ORDER OF COURT

And now, March 28, 2011, the court having received defendant's concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) with Deputy Attorney General Kristine M. Ricketts, Esquire, representing the Commonwealth, and Assistant Public Defenders Dennis A. Elisco, Esquire, Lawrence Keith, Esquire, and Darrell Haeberle, Esquire, representing the defendant, the court hereby orders and decrees as follows:

1. The court issues the attached supplemental opinion pursuant to Pa.R.A.P. 1925(a).

2. The clerk of court s shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.