J-S56036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| COLLEEN HARTMAN, | |
| Appellant | No. 343 EDA 2017 |

Appeal from the PCRA Order December 27, 2016
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0008202-2014

BEFORE: BOWES, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 26, 2017**

Appellant, Colleen Hartman, appeals from the denial of her first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely. Specifically, she contends that she is entitled to relief because the United States Supreme Court decision in **_Birchfield v. North Dakota_**, 136 S.Ct. 2160 (2016),[1] rendered her sentence illegal. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] In **_Birchfield_**, the United States Supreme Court held that the Fourth Amendment of the United States Constitution does not permit warrantless blood tests incident to arrest for driving under the influence, and a state may not criminalize a refusal to comply with a demand for blood testing. **_See Birchfield_**, **_supra_** at 2185-86.

We glean the relevant factual and procedural history in this matter from the PCRA court's March 21, 2017 opinion, and our review of the certified record. On December 16, 2014, Appellant was arrested for driving under the influence.[2] The crime was graded as a misdemeanor of the first degree because it was Appellant's third offense and she refused blood testing.[3] On March 31, 2015, she entered into an open guilty plea before the trial court. The court sentenced Appellant to twenty-three months of intermediate punishment. (**See** PCRA Court Opinion, 3/21/17, at 1). Appellant did not file a direct appeal.

On November 4, 2015, after a **Gagnon**[4] II hearing, the court found Appellant in violation of the terms of her original sentence. After granting Appellant's motion for reconsideration of sentence, the court sentenced her to not less than one nor more than twelve months of incarceration at the Delaware County prison, followed by two years of consecutive probation, and ordered that Appellant be immediately paroled. (**See** Order, 12/15/15).

On March 16, 2016, after another **Gagnon** II hearing, the court found Appellant in violation of her probation. At a sentencing hearing on June 14, 2016, the court revoked Appellant's probation and sentenced her to "a split

_____

[2] **See** 75 Pa.C.S.A. § 3802(a)(1).

[3] **See** 75 Pa.C.S.A. § 3803(b)(4).

[4] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

sentence of (1) full back time of 220 days in Delaware County prison effective March 16, 2016 with release on the max date, and (2) [not less than twelve nor more than twenty-four] months['] SCI to run concurrent to parole, effective March 16, 2016." (PCRA Ct. Op., at 2).

On August 17, 2016, Appellant, acting *pro se*, filed her first PCRA petition, arguing that she was entitled to relief from her **original sentence** because **Birchfield**, **supra** rendered her sentence for driving under the influence, with refusal, illegal. (**See** *Pro Se* Motion for Post Conviction Collateral Relief, 8/17/16, at 3). The trial court appointed counsel on August 19, 2016.[5] On December 5, 2016, Appellant *pro se* filed a PCRA petition, wherein she argued that she was entitled to relief both because she was serving an illegal sentence and because counsel was ineffective for failing to file a motion for reconsideration of her violation of probation sentence. (**See** [Supplemental] Motion for Post Conviction Collateral Relief, 12/05/16).[6]

The PCRA court conducted a hearing on Appellant's petition on December 22, 2016. At the hearing, counsel for Appellant argued that

---

[5] Although counsel stated that he submitted a memorandum in support of Appellant's *pro se* PCRA petition to the PCRA court on November 17, 2015, the certified record does not contain a copy of it. (**See** N.T. Hearing, 12/22/16, at 4).

[6] "[T]here is no constitutional right to hybrid representation either at trial or on appeal[,]" therefore, Appellant's petition is a nullity. **Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993) (citation omitted).

subsequent to her June 14, 2016 sentencing, Appellant asked her revocation attorney to file a motion to reconsider based on the **Birchfield** decision and her attorney failed to do so. (**See** N.T. Hearing, 12/22/16, at 5-6). On December 27, 2016, the PCRA court dismissed Appellant's PCRA petition as untimely. This timely appeal followed.[7]

Appellant raises one issue on appeal: "Was the [PCRA] court in error for dismissing [Appellant's] petition for post conviction relief in that the sentence she received as to a conviction for driving under the influence was unconstitutional pursuant to **Birchfield**[, **supra**]?" (Appellant's Brief, at 4) (most capitalization omitted).[8]

> Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.
>
> Before addressing the issues presented on appeal, we must determine whether Appellant's instant PCRA petition was timely filed. Our Supreme Court has stressed that [t]he PCRA's timeliness requirements are jurisdictional in nature and must be

---

[7] Pursuant to the PCRA court's order, Appellant filed her concise statement of errors complained of on appeal on February 14, 2017. The trial court entered its opinion on March 21, 2017. **See** Pa.R.A.P. 1925.

[8] To the extent that Appellant claims she is entitled to relief based on ineffective assistance of counsel at the revocation hearing, such argument is waived for failure to include it in her 1925(b) statement of errors complained of on appeal. (**See** Rule 1925(b) Concise Statement of Errors Complained of on Appeal, 2/14/17; Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed. It is well settled that [a]ny and all PCRA petitions must be filed within one year of the date on which the petitioner's judgment became final, unless one of three statutory exceptions applies. "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

*Commonwealth v. Garcia*, 23 A.3d 1059, 1061–62 (Pa. Super. 2011), *appeal denied*, 38 A.3d 823 (Pa. 2012) (case citations, some quotation marks, and footnote omitted).

Here, Appellant was originally sentenced for her DUI conviction on March 31, 2015, and she did not file post-sentence motions or a direct appeal. Thus, her judgment of sentence became final on April 30, 2015. **See** Pa.R.A.P. 903(a). Accordingly, Appellant had until April 30, 2016, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1).

We recognize that, on June 14, 2016, Appellant's probation was revoked and a sentence imposed for her violation of probation. Both Appellant and the Commonwealth contend that this revocation should reset the clock and the June 14, 2016 date should be considered the sentencing date for PCRA purposes. (**See** Appellant's Brief, at 8; Commonwealth's Brief, at 4-5). We disagree.

A probation revocation and resentencing "reset[s] the clock for purposes of determining the timeliness" of a petition only "where the issues presented in the PCRA petition relate to the validity of the probation revocation hearing or the **legality of the new sentence**[.]" *Garcia*, *supra*

- 5 -

at 1062 n.3 (emphasis added) (internal quotation marks and citations omitted).

Here, Appellant has challenged the **legality of her original sentence** arguing that pursuant to ***Birchfield***, ***supra***, her sentence exceeds the lawful maximum. (***See*** *Pro Se* Motion for Post Conviction Collateral Relief, 8/17/16, at 1). Thus, the revocation of her probation does not affect the timeliness of her petition. ***See Garcia***, ***supra*** at 1062 n.3. Appellant did not file the instant PCRA until August 17, 2016, thus it is patently untimely.

> This does not end our review, however. As suggested supra, this Court will review an untimely PCRA petition if the petitioner has alleged and can prove that one of the following three exceptions in Section 9545 applies:
>
>> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or law of this Commonwealth or the Constitution or laws of the United States[;]
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii). The petitioner bears the burden to allege and prove [that] one of the timeliness exceptions applies. A PCRA petition invoking one of these statutory exceptions must be filed within [sixty] days of the date the claims could have been presented. [***See***] 42 Pa.C.S.A. § 9545(b)(2). This Court has provided that [w]ith regard to an after-recognized constitutional right, . . . the sixty-day period begins to run upon the date of the underlying judicial decision.

- 6 -

*Id.* at 1062-63 (case citations, some quotation marks, and footnote omitted).

Here, Appellant asserts that her petition is timely and does not attempt to prove that one of the timeliness exceptions applies. (*See* Appellant's Brief, at 8-11). Therefore, she has not met her burden under the PCRA. *See Garcia*, *supra* at 1062-63. Moreover, we note that, even if Appellant had so argued, the newly recognized and retroactively applied constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii), would not apply in this case. Neither our Supreme Court nor the United States Supreme Court has held that *Birchfield* is to be applied retroactively to cases in which the judgment of sentence has become final.

In sum, we conclude Appellant has not met her burden of proving that her untimely PCRA petition fits within one of the three exceptions to the PCRA's time-bar. *See id.* Accordingly, we affirm the order of the PCRA court.

Order affirmed.

*Judgment Entered.*

_____
Joseph D. Seletyn, Esq.
*Prothonotary*


Date: <u>9/26/2017</u>