J-S19022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMEERAH RICHARDS, | : | |
| | : | |
| Appellant. | : | No. 2812 EDA 2017 |

Appeal from the Judgment of Sentence, July 25, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0001618-2014.

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY KUNSELMAN, J.:                    **FILED MAY 23, 2019**

Sameerah Richards appeals from a judgment of sentence, imposing six to twelve months' imprisonment, followed by one year of probation, after a jury convicted her of simple assault.[1]  The trial court issued its judgment of sentence on July 25, 2017, but Richards did not file her notice of appeal until August 30, 2017.  We therefore quash it.

In September of 2017, this Court ordered Richards to show cause why we should not deem her *pro se*, post-sentence motion, filed while counsel still represented her, a legal nullity, under **Commonwealth v. Jette**, 23 A.3d 1032 (Pa 2011), and **Commonwealth v. Jones**, 28 A.3d 751 (Pa. 2012). Because Richards filed no timely, counseled, post-sentence motion, this Court asked her why we should not quash her notice of appeal as untimely.

---

[1] 18 Pa.C.S.A. § 2701(A).

---

*   Retired Senior Judge assigned to the Superior Court.

A few weeks later, counsel for Richards replied to our rule. Counsel indicated Richards has repeatedly filed *pro se* documents throughout this case. **See** Richards' Rule Returnable at 2. Of importance here, she filed three, *pro se*, post-sentence motions in the trial court, including an August 1, 2017 motion to reconsider her sentence. The trial court denied that motion in an August 8, 2017 order. **See id.** Counsel then "assumed that he still had 30 days from the date of entry of that order to file the notice of appeal, which was filed on August 30, 2017." **Id.**

That assumption is incorrect.

Pennsylvania Rule of Criminal Procedure 720 requires defendants to file "a written post-sentence motion . . . no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720. When a valid, post-sentence motion is filed, the defendant then has an additional "30 days of the entry of the order deciding the motion" within which to file a notice of appeal. **Id.** When no valid, post-sentence motion is filed, "the defendant's notice of appeal shall be filed within 30 days of imposition of sentence . . . ." **Id.**

Here, Richards attempts to rely upon her *pro se* motion of August 1, 2017 to toll the running of her appellate clock until the court denied the motion on August 8, 2017. Her reliance is misplaced. Criminal defendants have "no constitutional right to hybrid representation either at trial or on appeal . . . ." **Commonwealth v. Ellis**, 626 A.2d 1137, 1339 (Pa. 1993). Thus, the *pro se*

filing of a counseled defendant is "a legal nullity." ***Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010).[2]

All of the *pro se*, post-sentence motions that Richards filed while her lawyer still represented her were legal nullities, including the one of August 1, 2017 that the trial court expressly denied.[3] Accordingly, that motion could not toll the 30-day, appellate clock under Pa.R.Crim.P. 720(A)(2)(a), because it had no legal force or effect.

Rule 720(A)(3) controls the procedural posture of this case. Richards had 30 days from the entry of her judgment of sentence (i.e., until August 24, 2017) to appeal. She filed her appeal on August 30, 2017 – six days too late.

Appeal quashed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/19

---

[2] The prohibition against hybrid representation does not nullify *pro se* notices of appeal, because "a notice of appeal protects a constitutional right". ***Commonwealth v. Williams***, 151 A.3d 621, 624 (Pa. Super. 2016) (*citing* ***Commonwealth v. Ellis***, 626 A.2d 1137 (Pa. 1993)).

[3] We note that the trial court erred by taking any action on Richards' *pro se* motion. But that error does nothing to validate her *pro se* filing that was void *ab initio*. Richards' contention to the contrary, which lacks support from any legal authority, is unpersuasive. ***See*** Richards' Rule Returnable at 3.