J-S04020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DIANE L. ROHRMAN | : | |
| Appellant | : | No. 1198 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 11, 2023
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0001377-2022

BEFORE: BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY STABILE, J.:           **FILED MAY 31, 2024**

Appellant, Diane L. Rohrman, appeals from the April 11, 2023 judgment of sentence imposing an aggregate 18 to 36 months of incarceration for multiple theft offenses. Upon review, we affirm.

The trial court aptly summarized the factual background:

> The incidents underlying Appellant's convictions began on August 1, 2016 and continued for a period of three years. Gerald Rohrman (hereinafter "Victim") is an 83-year-old widower whose wife of over 50 years, Marjorie, passed away in 2016. Up until her passing, Marjorie controlled the couple's finances and managed their bill payments. Victim never involved himself with this process and he lacked knowledge of financial and asset management. Therefore, after Marjorie's death, on August 1, 2016, Victim appointed one of his three daughters, Appellant, an attorney [at the time], as his power-of-attorney. This appointment gave Appellant complete control of Victim's finances.
>
>                \* \* \* \*
>
> Appellant, as power-of-attorney, deceived Victim for about three years, until one day in August of 2019 he realized that a large sum

of money was missing from his Wells Fargo Bank account. As he had not asked Appellant to purchase anything unusual, and he had not authorized her personal use of his funds, Victim reported to Warminster Township Police Department that he believed Appellant stole monies from his account.

* * * *

In sum, Appellant stole a total of $169,478.76 from Victim for her various fraudulent purchases. Victim testified that he never gave Appellant permission to use the money for the purposes outlined above, nor did Appellant ever discuss the purchases with him. He further testified that he does not use online banking and does not know how to use a computer – which was corroborated by his reference to his iPhone as a "mac machine" during his testimony.

Trial Court Opinion, 8/1/23, at 1-5 (citations to the record omitted).

Initially, Appellant was represented by private counsel, Eric D. Strand, Esquire.[1] Attorney Strand withdrew from representation and Appellant filed a petition seeking leave to proceed *pro se*. In her petition, Appellant stated that she did not qualify for representation by the public defender's office and could not afford a private attorney. **See** Petition for Leave to Enter Appearance *Pro Se*, 12/2/22. She also stated she was willing and able to represent herself. **See id.**

The trial court conducted a colloquy and granted Appellant's leave to proceed *pro se*. **See** N.T., Pretrials 12/7/22, at 5-17. Appellant was a licensed attorney, but her license was suspended at the time.[2] **Id.** at 6. She practiced

---

[1] Attorney Stand also represented Appellant in unrelated matters in Orphans Court.

[2] On April 25, 2023, Appellant was disbarred on consent, retroactive to May 6, 2021.

commercial litigation and was in-house counsel for the last thirteen years of her career. *Id.* at 7-8. Appellant indicated she understood the right to be represented by counsel, the nature and elements of the charges against her, the permissible range of sentence, that she was bound by the same rules and procedures as a licensed attorney, and that any defenses or rights not timely raised could be lost permanently. *Id.* at 9-14.

After a jury trial, Appellant was found guilty of theft by unlawful taking – movable property, identity theft, access device fraud, and computer trespass. Sentencing was deferred for a pre-sentencing investigation. Appellant was sentenced to an aggregate 18 to 36 months of incarceration, followed by 24 months of probation. She was also ordered to pay restitution in the amount of $169,478.76. This timely appeal followed. Appellant and the trial court have complied with Pa.R.A.P. 1925. Appellant raises three issues for our review:

> A. Did the trial court err in failing to appoint standby counsel to represent Appellant?
>
> B. Did the trial court err in denying Appellant's Motion in Limine to exclude the testimony of Gerald Rohrman without a hearing?
>
> C. Did the trial court err in admitting Appellant's bank records which contained information regarding her indigent financial status?

Appellant's Brief at 7.[3]

---

[3] Appellant is represented by the Bucks County Public Defender's Office for this appeal.

Appellant first contends that the trial court erred by not appointing standby counsel to represent her. *See* Appellant's Brief at 12**.** The appointment of standby counsel is governed by Rule of Criminal Procedure 121, which states:

> When the defendant's waiver of counsel is accepted, standby counsel **may be appointed** for the defendant. Standby counsel shall attend the proceedings and shall be available to the defendant for consultation and advice.

Pa.R.Crim.P. 121(D). While a comment to Rule 121 advises a trial court to appoint standby counsel, "neither the United States Supreme Court nor our Rules of Criminal Procedure mandate the appointment of standby counsel." *Commonwealth v. Spotz*, 47 A.3d 63, 83 (Pa. 2012). Moreover,

> [w]hen a defendant elects to proceed at trial *pro se*, the defendant – and not standby counsel – is in fact counsel of record and is responsible for trying the case. This understanding of the limited role of standby counsel is essential to satisfy the United States Supreme Court's directive that a defendant's choice to proceed *pro se* must be honored out of that respect for the individual which is the lifeblood of the law even when the defendant acts to his or her own detriment. This understanding also underlies our prior holding that a defendant who chooses to represent himself [or herself] cannot obtain relief by raising a claim of ineffectiveness of counsel or standby counsel.

*Id.* (internal citations and quotation marks omitted). The appointment of standby counsel is not mandatory and is within the sound discretion of the trial court; therefore, we review the issue under an abuse of discretion standard. An abuse of discretion will not be found "based on a mere error of judgment, but rather . . . where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is

manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." ***Commonwealth v. DiStefano***, 265 A.3d 290, 298 (Pa. 2021).

Here, Appellant does not specifically challenge the waiver of her right to counsel. Rather, she challenges the trial court's lack of consideration in appointing her standby counsel. Appellant first asserts that the trial court should have appointed standby counsel because she "expressed confusion as to her right to an attorney." Appellant's Brief at 13. We disagree.

The only aspect Appellant expressed confusion over was her indigent status. N.T., Pretrials 12/7/22, at 14. She did not understand how she qualified for a public defender in Chester County, but not in Bucks County, based upon the same financial information. ***Id.*** at 14-15. It also appeared that Appellant did not understand the phrase "indigent status" when discussing the qualifications for representation by the public defender's office. ***Id.*** at 10-11. However, she did understand that to qualify for representation, she would have to earn below a certain income, and that her income was above that amount and thus, she did not qualify. ***Id.*** at 14-15.

Appellant further argues that the trial court should have appointed standby counsel because she was denied representation by the public defender's office and could not afford an attorney. Appellant's Brief at 15. She contends that "the trial court gave no consideration to appointing standby counsel," which is "contrary to the procedure suggested by the Rules of Criminal Procedure." ***Id.*** at 16.

We reiterate that the trial court is not required to appoint standby counsel when a defendant elects to represent himself or herself. While it is generally advisable to appoint standby counsel when a defendant waives the right to counsel and elects to proceed *pro se*, it was not necessary in this case. Circumstances that weigh in favor of a trial court appointing standby counsel, as suggested by and akin to the comments to Rule 121, i.e., long and complicated cases, those with multiple defendants, or where self-representation terminates, were not present here.

Appellant was the sole defendant at trial and the duration of the trial was short. The evidentiary portion lasted two days. This was not a capital case, and the trial did not present complicated issues of law. While the documentary evidence in this case was voluminous, the Commonwealth only presented two witnesses. Moreover, the documentary evidence was almost entirely comprised of documents Appellant had seen before, such as her own bank statements and the victim's financial accounts that she had exclusive control over as power-of-attorney. The Commonwealth's theory of the case was straightforward – Appellant had exclusive control over the victim's finances and stole his money. N.T., Jury Trial – Day 1, 12/8/22, at 229.

Additionally, during the colloquy between the trial court and Appellant on December 7, 2022, Appellant did not exhibit any unruly or disruptive behavior. The trial court ascertained Appellant was not at risk of engaging in unruly behavior. Thus, standby counsel was not needed to assume control of

the defense.  *See* comments to Pa.R.Crim.P. 121; *see also Commonwealth v. Abu-Jamal*, 720 A.2d 79 (Pa. 1998).

Appellant cites to various deficiencies in her own performance at trial as proof that the trial court abused its discretion.  *See* Appellant's Brief at 19-20.  This argument is unavailing.  When a litigant knowingly, voluntarily, and intelligently chooses to proceed without counsel, there is always the chance, as is frequently the case, that the *pro se* litigant's self-representation will be less than optimal and detrimental to their self-interest.  This possibility alone does not establish that a court abuses its discretion by not appointing standby counsel, especially since someone who chooses to represent themselves cannot assert their own ineffectiveness as a basis for relief.  *Spotz, supra.*

We emphasize that standby counsel is not counsel of record in a proceeding.  *Id.*  The appointment of standby counsel does not imply or authorize some sort of hybrid representation.  *Id.* at 83 (citing *Commonwealth v. Ellis,* 626 A.2d 1137, 1138-1139 (Pa. 1993)).  When a defendant elects to proceed at trial *pro se*, the defendant — and not standby counsel — is in fact counsel of record and is responsible for trying the case. *Id.*  Standby counsel's role is limited to being available, when asked, to provide consultation and advice to a *pro se* litigant and/or to take over as counsel in the event self-representation is terminated.  *Commonwealth v. Blakeney,* 108 A.3d 739, 762 (Pa. 2014); s*ee also* comment to Pa.R.Crim.P. 121.

Based on the foregoing, we find that the trial court did not abuse its discretion when it did not appoint standby counsel to Appellant *sua sponte*.[4] We do not perceive that the trial court abused its discretion in overlooking any complicating factors akin to those suggested under Rule 121 by not appointing standby counsel in this case.

In her second issue, Appellant contends that the trial court erred in denying her motion *in limine* to exclude the victim's testimony without a hearing. Appellant's Brief at 21. Appellant sought to exclude the victim's testimony due to memory impairment. **Id.** To support her claim, Appellant provided a transcript and records from an unrelated Orphans Court matter. **See** Confidential Supplemental Exhibits to Defendant's Motion to Preclude Testimonial Evidence, 12/7/22.

---

[4] The trial court noted a policy consideration as a basis for not appointing counsel. **See** Trial Court Opinion, 8/1/23, at 16-17. It stated if it appointed standby counsel to Appellant, who did not qualify for a public defender, that "could create a policy that essentially allows those who do not meet indigency requirements set forth by the Bucks County Public Defender's Office to circumvent the system and receive free legal services." **Id.** at 17. This policy argument was rejected by our Supreme Court in **Public Defender's Office of Venango County v. Venango County Court of Common Pleas**, 893 A.2d 1275, 1281 (Pa. 2006) (trial court did not abuse its discretion by appointing standby counsel for a defendant who was not eligible for representation by the public defender's office). Since we affirm on slightly different grounds, we do not address the trial court's rationale. **See Commonwealth v. Parker**, 919 A.2d 943, 948 (Pa. 2007) ("an appellate court has the ability to affirm a valid judgment or verdict for any reason appearing as of record").

The trial court denied the motion after argument and review of the exhibits, stating that it was "an evidentiary issue that will have to be taken up at the time the testimony is offered." N.T., Pretrials 12/7/22, at 64. Since the trial court did not definitively rule on the issue of the victim's testimony, Appellant was required to renew her objection. *See* Pa.R.E. 103(b).[5] Appellant did not object during trial to the victim's testimony generally, nor did she object to a single question asked by the Commonwealth. *See* N.T., Trial 12/12/22, at 7-39. Therefore, we find Appellant failed to preserve the issue and it is waived. *See* Pa.R.A.P. 302(a).

Even if the issue was not waived, Appellant would not be entitled to relief. In Pennsylvania, a witness is presumed competent to testify. Pa.R.E. 601(a). The party challenging a witness' competency has the burden to establish incompetence. ***Commonwealth v. Boich***, 982 A.2d 102, 109 (Pa. Super. 2009), *appeal denied*, 3 A.3d 669 (Pa. 2010). "[A] court ought not to order a competency investigation, unless the court has actually observed the witness testify and still has doubts about the witness' competency." ***Id.*** at 110. We review a trial court's determination regarding competency for an abuse of discretion. ***Id.*** at 109.

Here, the trial court found that Appellant failed to establish the victim was incompetent to testify. Trial Court Opinion, 8/1/23, at 8. It further found

---

[5] "Once the court rules definitively on the record – either before or at trial – a party need not renew an objection or offer of proof to preserve a claim of error for appeal." Pa.R.E. 103(b).

the issues raised by Appellant were a question of credibility to be determined by the fact-finder and could be addressed through cross-examination. *Id.*

> Appellant merely argued that her father, an 83-year-old man, gets confused sometimes. She did not present evidence that he had ever been found to be incompetent to testify in Orphans' Court and, in fact, explicitly stated that the judges in those matters have never considered such an [o]rder. Therefore, this [c]ourt found that not only had Appellant not met her burden to establish Victim's incompetence, but also that it was an evidentiary issue that could be heard at the time of testimony.

*Id.* (internal citations omitted). We agree. The exhibits presented by Appellant do not indicate that the victim was incompetent. At most, they showed that the victim was an elderly man who was experiencing memory loss due to his age, not because of a mental condition as required by Rule 601(b) to disqualify a witness' testimony.[6] While the victim may not have answered some questions directly, he was articulate in his responses and recalled several past events. *See* N.T., Trial, 12/12/22 at 9-41. Additionally, Appellant thoroughly cross-examined the victim on his memory issues and ability to recall certain events. *See id.* at 41-116.

Moreover, the issue raised by Appellant is that the trial court denied her motion *without a hearing*. Appellant does not provide any authority that the trial court was required to conduct a hearing, nor could we find any. Accordingly, even if not waived, we would find that the trial court did not abuse its discretion by denying Appellant's motion *in limine* without a hearing.

---

[6] Rule 601 provides, "[a] person is incompetent to testify if the court finds that **because of a mental condition or immaturity** the person has an impaired memory." Pa.R.E. 601(b)(3) (emphasis added).

In her third issue, Appellant contends that the trial court erred when it admitted Appellant's bank records and "permitted Detective Bonacquisti to testify that Appellant's bank balance was below $100.00 dollars [sic] on at least five occasions."  Appellant's Brief at 28-29. Appellant argues "[t]his evidence was inflammatory, irrelevant, and prejudicial, and constituted improper evidence of Appellant's indigency." **Id.**

The Commonwealth contends that this issue is waived "because [Appellant] failed to preserve the same legal theory on appeal that she advanced at trial." Commonwealth's Brief at 19.  We agree.  At trial, Appellant objected to the admission of her PNC bank records on the ground of relevancy.[7]  N.T., Jury Trial – Day 2, 12/9/22, at 101, 103-04.  She did not argue that the records were inflammatory, prejudicial, or constituted improper evidence of her indigency.  Nor did she object to Detective Bonacquisti's testimony.  Therefore, we find those specific challenges to be waived, and will only address the issue of relevancy. **See** Pa.R.A.P. 302(a).

Generally, all relevant evidence is admissible.  Pa.R.E. 402.  Evidence is relevant if (1) it tends to make a fact more or less probable than it would be without the evidence and (2) the fact is of consequence in determining the action.  Pa.R.E. 401.  It is well settled that evidentiary rulings are within the sound discretion of the trial court. **DiStefano**, 265 A.3d at 297.  A trial court's

---

[7] The specific objection was: "Relevancy.  Unless he can establish a specific link or a likely link to something relevant in this case, I – I move as – they are irrelevant.  N.T., Jury Trial – Day 2, 12/9/22, at 103.

ruling on the admissibility of evidence will only be disturbed where there has been an abuse of discretion. **Id.** at 298.

During his investigation, Detective Bonacquisti executed eleven search warrants from various financial accounts and institutions.

> Det. Bonacquisti first discovered that 74 checks from Victim's Wells Fargo Bank account were issued to and signed by Appellant for deposit into Appellant's personal PNC Bank account. Appellant endorsed the checks with her own signature and usually did not provide any designation. Those that did have a notation on the "memo" line indicated purposes such as "gas," "ez pass," and "Christmas."
>
> * * * *
>
> The monetary total of the 74 checks deposited into Appellant's PNC Bank account equaled $58,750.

Trial Court Opinion, 8/1/23, at 2-3 (citations to record omitted). Appellant's defense was that she was either authorized to use the victim's money or the money was used for the victim's care. **See** N.T., Trial, 12/12/22, at 144-50. Additionally, she argued that the investigation was not conducted properly. **See id.**

The Commonwealth argues Appellant's PNC records were "relevant to confirm that 74 checks from the victim's Wells Fargo account were deposited into Appellant's bank account between August 2016 and August 2019, and that Appellant did not spend the money from those deposits for any purchases approved by the victim or related to his care." Commonwealth's Brief at 23. Likewise, the trial court found that the "records show the course of Appellant's conduct to the jury and proves that Appellant did exactly what Detective

Bonacquisti suspected: wrote and deposited 74 checks into her account without Victim's permission." Trial court Opinion, 8/1/23, at 11.

We agree and find the admission of Appellant's PNC records were relevant to show that (1) Appellant deposited the victim's money into her personal bank account, (2) that she did not have authorization to write the checks and (3) that the money was not used for the victim's benefit. Accordingly, the trial court did not abuse its discretion when it admitted Appellant's PNC records as relevant evidence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/31/2024