J-S57019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FAZEL RAHMAN RAHIM | |
| Appellant | No. 1194 MDA 2018 |

Appeal from the Judgment of Sentence imposed June 28, 2018
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0004535-2016

BEFORE:  BOWES, J., STABILE, J. AND MUSMANNO, J.

MEMORANDUM BY STABILE, J.:   **FILED: DECEMBER 31, 2019**

Appellant, Fazel Rahman Rahim, appeals from the judgment of sentence the Court of Common Pleas of Berks County imposed on June 28, 2018. Appellant challenges the weight of the evidence supporting his convictions. Upon review, we affirm.

The trial court summarized the relevant factual and procedural history of the instant matter in its Rule 1925(a) opinion.  Briefly, following a heated argument with victim in the courtyard between their apartments, Appellant drew a revolver and fired at victim from inside the kitchen door frame. According to the Commonwealth witnesses, Appellant fired at victim three times.  Appellant testified on his own behalf that he shot victim twice in self-defense after victim charged at him with a large stick and ripped his kitchen door from its hinges.  Appellant testified that he opened fire only as victim

crossed the threshold into his kitchen from the courtyard. Two bullets were removed from the side of victim's body. The Commonwealth did not present evidence regarding the path of a third bullet.

Following a jury trial, Appellant was convicted of aggravated assault and possessing an instrument of crime. The trial court sentenced Appellant to an aggregate term of seven to twenty years' imprisonment, followed by a five-year term of probation. Appellant's counsel filed a timely post-sentence motion, which the trial court denied. This appeal followed.[1]

In his appeal, Appellant contends that the trial court abused its discretion by denying his weight of the evidence challenge. Specifically, Appellant challenges the credibility of the Commonwealth witnesses or the

_____

[1] Appellant, while represented by counsel, *pro se* filed the instant appeal before the disposition of his post-sentence motion. This raises two problems, which, however, do not prevent us from addressing the merits of the instant appeal.

Generally, there is no right to hybrid representation; *pro se* filings by a counseled defendant constitute legal nullities. **See Commonwealth v. Ellis**, 626 A.2d 1137 (Pa. 1993). However, a notice of appeal is distinguishable from other filings, as it protects a constitutional right. **Commonwealth v. Williams**, 151 A.3d 621, 623, 624 (Pa. Super. 2016), citing **Ellis**, 626 A.2d at 1138-41; 210 Pa. Code § 65.24.

In the interest of judicial economy, the notice of appeal, although premature, is deemed timely filed. **See** Pa.R.A.P. 905(a)(5) (providing that notice of appeal filed after announcement of determination but before entry of appealable order shall be treated as filed after such entry and on the day thereof).

inconsistencies between the testimony of the Commonwealth witnesses and Appellant's own testimony. We disagree.

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000) (internal citations omitted).

For the reasons explained below, we conclude that the trial court acted within its discretion by denying Appellant's challenge to the weight of the evidence.

The trial court addressed the first weight of the evidence claim as follows:

> At trial Commonwealth witnesses testified that [Appellant] hit [victim] with the first two bullets then fired a third that did not make contact while [victim] lay on the ground in the courtyard. [Appellant] testified that he fired all three while [victim] was within or near the kitchen door frame. [Appellant] requests a new trial because, "the Commonwealth failed to produce evidence" of damage to the concrete ground of the courtyard. Essentially, [Appellant] argues that the Commonwealth needed to show damage to the concrete patio/ground to corroborate its testimonial evidence that [Appellant] fired the third shot downward, missing [victim]. . . . Because the discrepancy goes to the credibility of Commonwealth witnesses, its resolution is exclusively for the jury. The guilty verdicts . . . are not so contrary to the evidence as to shock one's sense of justice. In judging

- 3 -

credibility, the jury was free to believe all, part or none of the evidence. Moreover, the jury's verdict could have been based solely on the first two gunshots without regard to whether [Appellant] fired the third bullet while [Appellant] was near the doorway or outside on the ground.

Trial Court Opinion, 4/24/19, at 5 (internal citations omitted).

Regarding the second weight of the evidence claim, the trial court

stated:

The thrust of [Appellant's] argument is that the testimony of the Commonwealth witnesses concerning [victim]'s conduct lacked credibility; therefore, the guilty verdicts are so contrary to [Appellant]'s testimony – that [victim], "pulled a door off the hinges in an attempts to forcibly enter [Appellant]'s home prior to [Appellant] firing his gun" – as to shock one's sense of justice and warrant a new trial. . . . [Appellant]'s claim amounts to nothing more than a dispute regarding the credibility of [Appellant]'s testimony versus of that [victim], his wife [], and his step-son []. As noted, this was a jury trial. While passing upon the credibility of witnesses and the weight of the evidence produced, the jury was free to believe all, part or none of the evidence.

This claim concerns the jury's determination of whether [Appellant]'s use of deadly force constituted justifiable self-defense (*i.e.*, whether [Appellant] believed he was in danger of death or serious bodily injury at the moment he used deadly force, or that while [Appellant] actually believed he needed to use such to use such force, his belief was unreasonable). Here, the weight given to the testimony of the several eye witnesses on this question is a matter of credibility rightfully left to the jury, and the jury's determination is not so contrary to the evidence as to shock one's sense of justice.

*Id.* at 5-6 (internal citations omitted).

In light of the foregoing, there is no basis in the record on which we

could conclude that the trial court committed an abuse of discretion in

resolving Appellant's weight of the evidence claim in favor of the Commonwealth.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2019