J. S66038/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RAYNARD LONON, | : | No. 1498 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered May 1, 2019,
in the Court of Common Pleas of Northampton County
Criminal Division at Nos. CP-48-CR-0001008-2018,
CP-48-CR-0001009-2018, CP-48-CR-0001011-2018

BEFORE: STABILE, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED JANUARY 08, 2020**

Raynard Lonon appeals *pro se* from the May 1, 2019 judgment of sentence entered in the Court of Common Pleas of Northampton County following his jury conviction of delivery of a controlled substance (heroin) and criminal use of communication facility at Docket No. CP-48-CR-0001008-2018 ("No. 1008"); possession of drug paraphernalia at Docket No. CP-48-CR-0001009 ("No. 1009"); and possession of a controlled substance with intent to deliver (heroin) and tampering with evidence at Docket No. CP-48-CR-0001011 ("No. 1011").[1] The trial court imposed an aggregate sentence of 21 to 42 months of incarceration. We affirm.

---

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 7512(a), 35 P.S. § 780-113(a)(32), 35 P.S. § 780-1133(a)(30), and 18 Pa.C.S.A. § 4910(1), respectively.

The record reflects that in the course of a narcotics investigation and controlled buy, police observed appellant sell ten packets of heroin to a confidential informant on January 17, 2018. On January 19, 2018, police executed on a search warrant of appellant's residence and seized multiple cell phones and drug packaging. Appellant was arrested and taken into custody. Following his arraignment, appellant was taken to Northhampton County Prison for intake processing. During a strip search, a corrections officer found 79 bags of heroin secreted in appellant's rectum. Appellant was charged with the aforementioned crimes at the respective docket numbers. Thereafter, the trial court granted the Commonwealth's motion for joinder of informations.

Following his convictions and sentencing,[2] appellant filed a **pro se** motion for removal of appointed counsel on May 3, 2019. On May 9, 2019, appointed counsel filed a timely post-sentence motion and motion for reconsideration of sentence. On May 14, 2019, appellant then filed **pro se** an identical notice of appeal at No. 1008, No. 1009, and No. 1011 that listed all

---

[2] We note that the record reflects that on August 3, 2018, appellant entered a negotiated guilty plea. (**See** notes of testimony, 8/3/18.) The trial court deferred sentencing until September 28, 2018. (**Id.** at 7.) On September 27, 2018, appellant moved to withdraw his guilty plea because, following evaluation, appellant was denied entry into the Treatment Continuum Alternative Program. (Motion to withdraw guilty plea, 9/27/18.) By order dated September 28, 2018 and entered on October 1, 2018, the trial court granted appellant's motion to withdraw his guilty plea. (Order of court, 10/1/19.) Appellant's jury trial began on April 29, 2019. Immediately after the jury returned its guilty verdicts on May 1, 2019, the trial court imposed judgment of sentence because it was "prepared to impose sentencing at [that] time." (Notes of testimony, 5/1/19 at 94.) Appellant did not object.

three docket numbers. On May 20, 2019, the trial court denied appellant's post-sentence motion and motion for reconsideration of sentence.

On May 21, 2019, the trial court entered an order stating that it would not consider appellant's *pro se* notice of appeal because appellant is not entitled to hybrid representation. (Order of court, 5/21/19, citing *Commonwealth v. Ellis*, 626 A.2d 1137, 1139 (Pa. 1993).) The May 21, 2019 order also referred appellant's *pro se* notice of appeal to appointed counsel with direction to take any action deemed appropriate. On May 24, 2019, appointed counsel filed separate notices of appeal at No. 1008 and No. 1009. A review of the docket sheet and the record at No. 1011 reveals that appointed counsel did not file a notice of appeal at that docket number.

On May 29, 2019, appellant filed a *pro se* motion again requesting removal of appointed counsel. On June 3, 2019, the trial court held a *Grazier*[3] hearing. During the hearing, the trial court stated that appellant's appeal had been perfected and that the next step would be the issuance of a Rule 1925(b) order. (Notes of testimony, 6/3/19 at 4.) Appellant acknowledged that he would be required to comply with the mandates of an appeal to this court without the benefit of counsel and that it was his desire to do so. (*Id.* at 5.) At the conclusion of the hearing, the trial court stated on the record that it was granting appellant's *pro se* motion, removing appointed counsel, and

---

[3] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988) (requiring an on-the-record determination as to whether defendant knowingly, intelligently, and voluntarily waives right to counsel on appeal).

permitting appellant to proceed *pro se* on appeal. (*Id.* at 6.) It then entered an order on all three dockets directing appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. The June 3, 2019 concise-statement order notified appellant that "any issue not properly included in the [Rule 1925(b)] statement shall be deemed waived." (Order of court, 6/3/19.) All three dockets reflect that appellant was served with the concise-statement order by U.S. First Class Mail. By order dated June 3, 2019, but entered on all three dockets on June 7, 2019, the trial court removed appointed counsel and permitted appellant to proceed *pro se*. On July 15, 2019, the trial court entered an order deeming all issues waived as a result of appellant's failure to file a Rule 1925(b) statement. (Order of court, 7/15/19.) The trial court did not issue a Rule 1925(a) opinion.

With respect to jurisdiction, our supreme court held that pursuant to Pa.R.A.P. 341(a) and its official note, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed or quashal will result. *Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018). Here, appointed counsel timely filed separate notices of appeal at No. 1008 and No. 1009, but did not file a notice of appeal at No. 1011. Therefore, we are not constrained to follow *Walker*.

Nevertheless, appellant's failure to file a court-ordered Rule 1925(b) statement results in waiver. *See Commonwealth v. Kearney*, 92 A.3d 51, 59 (Pa.Super. 2014). Additionally, even if appellant did not waive his issues

- 4 -

for that reason, appellant would have waived his issues for filing a brief that is incapable of meaningful appellate review and/or that violates the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. **See** **Commonwealth v. Spotz**, 716 A.2d 580, 585 n.5 (Pa. 1998) (reiterating that petitioner waives undeveloped and/or unclear claims); **see also** Pa.R.A.P. 2111 and Pa.R.A.P. 2119. Appellant's handwritten brief consists of two-and-one-half double-spaced pages. It fails to contain a statement of jurisdiction, the order in question, a statement of both the scope of review and the standard of review, a statement of questions involved, a statement of the case, a summary of the argument, and a short conclusion stating the precise relief sought in violation of Pa.R.A.P. 2111. The "argument" is entitled "brief" and fails to distinctively identify a particular point, fails to reference the record, and fails to cite relevant authorities in violation of Pa.R.A.P. 2119. Therefore, appellant would have waived his issues for these reasons, as well.[4]

---

[4] We finally note that a reading of appellant's brief demonstrates that he claims trial counsel was ineffective. Appellant's claim of ineffectiveness of trial counsel, however, must be deferred to collateral review pursuant to the dictates of our supreme court in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), wherein our high court held that a claim of ineffective assistance of counsel cannot be entertained on direct appeal. Only in specific limited circumstances may a defendant raise ineffectiveness claims in post-sentence motions and on direct appeal. **See**, **e.g.**, **Commonwealth v. Holmes**, 79 A.3d 562, 563 564 (Pa. 2013) (trial judge has discretion to entertain ineffectiveness claims on post-verdict motions and direct appeal where: (1) claim of ineffectiveness is apparent from record and meritorious to the extent that immediate consideration best serves interests of justice; or (2) where good cause is shown and defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review from his conviction and sentence). These exceptions do not apply here.

J. S66038/19

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/20