J-S56023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DREW WILLIAMS | : | |
| | : | |
| Appellant | : | No. 275 EDA 2020 |

Appeal from the PCRA Order Entered January 8, 2020,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0012559-2015.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DREW WILLIAMS | : | |
| | : | |
| Appellant | : | No. 278 EDA 2020 |

Appeal from the PCRA Order Entered January 8, 2020,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0012560-2015.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DREW WILLIAMS | : | |
| | : | |
| Appellant | : | No. 280 EDA 2020 |

Appeal from the PCRA Order Entered January 8, 2020,

in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0012561-2015.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DREW WILLIAMS | : | |
| | : | |
| Appellant | : | No. 281 EDA 2020 |

Appeal from the PCRA Order Entered January 8, 2020,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0012562-2015.

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.: Filed: March 5, 2021

Drew Williams appeals from the order denying his first petition for relief filed under the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The PCRA pertinent facts and procedural history may be summarized as follows: On May 18, 2017, Williams entered open pleas of guilty to charges of attempted murder, conspiracy to commit murder, three counts of aggravated assault, four counts of firearm violations, possessing an instrument of crime, criminal mischief, fleeing or attempting to elude a police officer, possession with intent to deliver, and possession of a controlled

_____

[*] Retired Senior Judge assigned to the Superior Court.

substance at four different dockets. On September 27, 2017, the trial court sentenced Williams to an aggregate term of ten to twenty years of incarceration. Williams filed neither a post-sentence motion nor a direct appeal.

On July 26, 2018, Williams filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel. On July 17, 2019, PCRA counsel filed an amended petition in which Williams alleged that his plea counsel was ineffective for failing to file a motion for reconsideration of his sentence. Thereafter, the Commonwealth filed a motion to dismiss.[1] On December 6, 2019, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Williams' petition without a hearing. Williams did not file a response. By order entered January 8, 2020, the PCRA court dismissed Williams' amended PCRA petition.[2] This timely appeal followed. Both Williams and the PCRA court have complied with Pa.R.A.P. 1925.

Williams raises the following issues on appeal:

> I. Whether the [PCRA] court erred in not granting relief on the PCRA petition alleging counsel was ineffective

---

[1] On August 16, 2019, Williams filed a *pro se* amended PCRA petition. Because he was represented by counsel, this filing is a legal nullity. **See Commonwealth v. Ellis**, 626 A.2d 1137, 1139-41 (Pa. Super. 1993) (explaining that the prohibition against hybrid representation precludes consideration of *pro se* filings once counsel represents the defendant).

[2] We note that the order entered on this date actually lists December 6, 2019 as the date of dismissal.

> for failing to file a motion for reconsideration of
> sentence?
>
> II.    Whether the [PCRA] court erred in denying [Williams']
>        PCRA petition without an evidentiary hearing on the
>        issues [sic] raised in the amended PCRA petition
>        regarding trial counsel's ineffectiveness?

Williams' Brief at 8 (excess capitalization omitted).[3]

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the
> findings of the PCRA court and the evidence on the record
> of the PCRA court's hearing, viewed in the light most
> favorable to the prevailing party. Because most PCRA
> appeals involve questions of fact and law, we employ a
> mixed standard of review. We defer to the PCRA court's
> factual findings and credibility determinations supported by
> the record. In contrast, we review the PCRA court's legal
> conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015)

(*en banc*) (citations omitted).

Williams' first issue raises a claim of trial counsel's ineffectiveness. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will

---

[3] We have reordered Williams' issues for ease of disposition.

- 4 -

only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.***

This requires the petitioner to demonstrate that: (1) the underlying claim is

of arguable merit; (2) counsel had no reasonable strategic basis for his or her

action or inaction; and (3) the petitioner was prejudiced by counsel's act or

omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show

"that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." ***Id.*** A failure

to satisfy any prong of the test for ineffectiveness will require rejection of the

claim. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010).

In his first issue, Williams asserts that trial counsel was ineffective for

failing to file a motion for reconsideration of his sentence. In support of this

claim, Williams asserts that, had an evidentiary hearing been granted, he

would have testified that, after sentencing, he requested trial counsel to file a

motion for reconsideration of sentence, but trial counsel failed to do so. He

further asserts that his family members attempted to contact trial counsel

about filing the motion, but trial counsel "refused to file the motion and tried

to 'scare' them off from it by telling that [Williams] will receive a longer

sentence if he files the motion." Williams' Brief at 17 (citation omitted).

According to Williams, trial counsel "had a personal conflict that affected his

representation of [Williams]: namely, [trial counsel] did not want to file the motion because he was about to be married." *Id.* at 18.[4]

Williams then lists seven mitigating factors that the trial court "did not give sufficient attention to" and further asserts that trial counsel "should have raised the issue in a reconsideration motion that the sentencing court erred when imposing such a harsh sentence despite the myriad of mental health issues that were mentioned in the psychologist's report." *Id.* at 18-19. According to Williams, "the sentencing court failed to give any consideration to any of the relevant sentencing factors when it imposed the lengthy sentence." *Id.* at 19.

With regard to the three prongs of the ineffectiveness test, Williams summarily argues:

> Counsel's failure to file a motion to reconsider the sentence is ineffective assistance of counsel. A reasonable judge would have granted a reconsideration motion. For starters, counsel's failure to file a motion to reconsider [Williams'] sentence is of arguable merit.
>
> Secondly, there was no "reasonable basis" for counsel not to file a motion to reconsider [Williams'] sentence.
>
> Finally, [Williams] suffered actual prejudice as a result of counsel's failure to file a motion to reconsider [his]

_____

[4] Williams also asserts that trial counsel informed him of a plea deal in which all of the sentences would run concurrently and that "his mother and his girlfriend were unable to get [trial counsel] to file a Motion or appeal." Williams' Brief at 18. Because Williams inappropriately raises these issues for the first time on appeal, they are waived. *See* Pa.R.A.P. 302(a).

- 6 -

sentence. He could not be re[-]sentenced and the Superior Court could not consider the issues raised.

Williams' Brief at 20.

The PCRA court found that Williams failed to meet his burden of establishing trial counsel's ineffectiveness:

Here, [Williams] erroneously claims that [the court] failed to "give sufficient attention" to his history of substance abuse, mental health issues, employment history, and family support. [Williams'] pre-sentence report, which [the court] carefully reviewed, specifically addressed all these issues. [The trial court] again assessed these issues at the sentencing hearing where both [Williams] and his mother testified. [The court] also considered the specific circumstances of [Williams'] crimes and [Williams'] purported reasons for his criminal conduct.

After assessing [Williams'] sentence yet again for PCRA purposes, [the court's] judgment remains unchanged. [Williams[ faced a *minimum* guideline sentence of 186 months on the attempted murder charge *alone*, and the combined guideline range for all the charges far exceeded the ten (10) to twenty (20) years' incarceration that [the court] ultimately imposed. [The court's] relatively *lenient* sentence is, moreover, thoroughly justified by the horrendous facts underpinning [Williams'] guilty pleas. [Williams] and his accomplice lured the victim into an automobile, took him to a store parking lot, and shot him multiple times at close range with the obvious intent to kill him. [Williams'] PCRA petition identifies no fact that would persuade [the court] to reduce his sentence in these circumstances—*i.e.*, where [Williams] viciously attempted to kill the victim on one day, and assaulted two police officers with his vehicle only a few days later.

Because [Williams] does not identify any persuasive reason for [the court] to have reconsidered his sentence, [Williams] cannot establish that he suffered prejudice from his [trial] counsel's alleged failure to file a motion for sentencing reconsideration.

PCRA Court's Opinion, 3/16/20, at 6-7 (citations and footnote omitted).

Our review of the record supports the PCRA court's conclusion. Williams' bare assertion that he suffered "actual prejudice" because his sentencing claim would not be preserved for appeal is unavailing.[5] In **Commonwealth v Reaves**, 923 A.2d 1119 (Pa. 2007), our Supreme Court addressed whether a PCRA petitioner whose counsel failed to file a motion to reconsider sentence suffered prejudice. The Superior Court had "summarily concluded" that prejudice was presumed because counsel's inaction "effectively waived [Reaves'] right to challenge this issue on appeal." **Reaves**, 923 A.2d at 1123 (citing **Reaves**, 3190 EDA 2003, unpublished memorandum at 4-5).

Our Supreme Court disagreed. Instead, the Court held that a PCRA petitioner raising a claim of ineffectiveness regarding counsel's failure to file a motion for reconsideration must establish **actual** prejudice. **See Reaves**, 923 A.2d at 1130. Specifically, the Court held that a PCRA petitioner must show that filing the motion would have led to a more favorable sentence:

> The Commonwealth argues that the Superior Court's prejudice analysis misses the mark because the panel improperly focused on the effect of counsel's inaction upon the [**appeal**], rather than looking to the outcome of the underlying [proceeding] itself. The Commonwealth is correct. Although contemporaneous objections operate to preserve issues for appellate review, they serve an equally important function in **obviating** appeals by affording the trial court a timely opportunity to correct mistakes and/or to reconsider decisions. Whether [counsel] can be deemed ineffective, then, depends upon whether [a defendant] has

---

[5] As noted **supra**, Williams did not file a direct appeal.

> proven that a motion to reconsider sentence if filed . . . would have led to a different and more favorable outcome at [sentencing]. In this context, the only way the proceeding would have been more favorable would be if counsel's objection secured a reduction in the sentence. The Superior Court panel erred as a matter of law in failing to appreciate the actual focus of the [actual] prejudice standard.

*Reaves*, 923 A.2d at 1131-32 (emphasis in original; footnote omitted). Our Supreme Court further concluded that Reaves did not establish actual prejudice, since "[on] this record, there is no reason to believe that, if only counsel had asked for a statement of reasons for the sentence at the [time of sentencing] that statement or explanation alone would have led the court to reduce the sentence"). *Id.* at 1132.

Here, we agree with the PCRA court that Williams failed to establish actual prejudice. Our Supreme Court in *Reaves* rejected a petitioner's claim of actual prejudice based merely upon counsel's failure to preserve an appellate issue. Moreover, as noted *supra*, Williams did not file a direct appeal in this case.

Finally, the PCRA court determined a motion for sentence reconsideration would have been futile. Williams has provided no basis to disturb this determination. In addition, our review of the sentencing transcript refutes Williams' claim that the court "failed to give any consideration to any of the relevant sentencing factors." Williams' Brief at 19. Given these circumstances, the PCRA court did not err in dismissing Williams' ineffectiveness claim.

In his second issue, Williams asserts that the PCRA court erred in dismissing his ineffectiveness without first holding an evidentiary hearing.

As this Court has summarized:

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

The PCRA court acknowledged that "[i]f a PCRA petitioner's offer of proof is insufficient to establish a *prima facie* case, or his allegations are refuted by the existing record, an evidentiary hearing is unwarranted." PCRA Court's Opinion at 7 n.3 (citing *Commonwealth v. Eichinger*, 108 A.3d 821, 849 (Pa. 2014)). Given the comments of the PCRA court cited above, it is clear that Williams' ineffectiveness claim did not raise a material fact. Thus, Williams' second issue fails.

In sum, the PCRA court correctly determined that Williams did not establish his claim of trial counsel's ineffectiveness, and the PCRA court properly dismissed his amended PCRA petition without a hearing. We therefore affirm the PCRA court's order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/21