2024 PA Super 180

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASHAAN LONDALE GREER | : | |
| | : | |
| Appellant | : | No. 386 MDA 2022 |

Appeal from the PCRA Order Entered January 21, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005885-2010

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

OPINION BY BENDER, P.J.E.:                    **FILED: AUGUST 13, 2024**

In this case that has been remanded by the Pennsylvania Supreme Court, Appellant, Rashaan Londale Greer, appeals from the post-conviction court's January 21, 2022 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant has also indicated that he wishes to pursue ineffective assistance of counsel claims against his current attorney.  After careful review, and in accordance with our Supreme Court's remand directive discussed *infra*, we vacate the PCRA court's order and remand for further proceedings.

We need not reproduce the facts of Appellant's underlying convictions for purposes of his present appeal.  We only note that in July of 2011, a jury convicted him of first-degree murder and carrying a firearm without a license. He was sentenced on August 24, 2011, to a term of life imprisonment, without the possibility of parole, for his murder conviction, and a consecutive term of

3½ to 7 years' imprisonment for his firearm crime. Appellant filed a timely direct appeal and, after this Court affirmed his judgment of sentence, our Supreme Court denied his subsequent petition for permission to appeal. **See Commonwealth v. Greer**, 55 A.3d 149 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 63 A.3d 1244 (Pa. 2013).

Appellant filed a timely, *pro se* PCRA petition on July 3, 2013. Counsel was not appointed to represent Appellant until August of 2017. Thereafter, that attorney — Lori Yost, Esq. — filed several amended petitions on Appellant's behalf. On February 21, 2020, Attorney Yost withdrew her appearance, and Anthony J. Tambourino, Esq., entered his appearance on Appellant's behalf. On February 3, 2021, Attorney Tambourino filed another amended PCRA petition. A hearing was conducted on June 21, 2021. On January 21, 2022, the court issued an order and opinion denying Appellant's PCRA petition.

Appellant filed a timely notice of appeal, and he complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he raises the following four issues:

> 1. Trial counsel was ineffective for failing [to] investigate and present character witnesses at trial.
>
> 2. Trial counsel was ineffective when he failed to determine and use at trial the complete relevant criminal record for Commonwealth eyewitness, Wanda Clark, through the discovery process or independent investigation. The complete rap sheet for

Wanda Clark was **Brady**[1] material, was withheld by the prosecution, and relevant to her credibility.

3. Trial counsel was ineffective for failing to request a voluntary manslaughter instruction when the evidence supported such an instruction.

4. Trial counsel was ineffective for failing to present a defense of imperfect self-defense at trial when the evidence supported such a defense, and further evidence could have been developed at trial to effectively support such a defense and a voluntary manslaughter instruction.

Appellant's Brief at 4. The PCRA court thereafter issued an order indicating that it was relying on the rationale in its January 21, 2022 opinion in support of its decision to deny Appellant's petition.

Before the briefing schedule was issued by this Court, Attorney Tambourino filed, on April 21, 2022, an application for remand, stating that he had received a letter from Appellant requesting that counsel file a petition for remand under our Supreme Court's recent decision in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), so that Appellant can allege "additional issues of ineffective assistance of … [trial] counsel, and ineffective assistance against PCRA counsel." Application for Remand, 4/21/22, at 3. Specifically, Attorney Tambourino explained that Appellant seeks to argue that Attorney Tambourino was ineffective for not pursuing seven additional ineffectiveness claims regarding his trial counsel. **See id.** at 4-5. Attorney Tambourino noted that Appellant also wishes to claim that Attorney Tambourino was ineffective for "failing to present competent evidence at the PCRA hearing proving that

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

trial counsel easily could have obtained [eyewitness] Wanda Clark's complete criminal record[,]" and for "failing to investigate and present character witnesses at the PCRA evidentiary hearing who were competent to testify to [Appellant's] reputation for law-abidingness and peacefulness at the relevant time period of the crime." *Id.* at 6. Attorney Tambourino concluded that, "[u]nder the circumstances, … remand is necessary so that the PCRA [c]ourt may conduct a hearing to determine whether Appellant should be appointed new PCRA counsel for his PCRA appeal." *Id.*

This Court deferred Attorney Tambourino's application for remand to the merits panel for disposition, thereby requiring Attorney Tambourino to file a merits brief on Appellant's behalf. On October 19, 2022, this Court filed a memorandum decision agreeing with Attorney Tambourino that remand for a *Bradley* hearing was warranted. We explained that,

> [i]n *Bradley*, the Pennsylvania Supreme Court expanded the opportunity for a PCRA petitioner to raise claims of PCRA counsel's ineffectiveness. Previously, "the sole method by which a petitioner c[ould] challenge the ineffectiveness of PCRA counsel [wa]s by filing … a response to the PCRA court's Rule 907 dismissal notice." *Bradley*, 261 A.3d at 386. The *Bradley* Court abandoned that approach, holding "that a PCRA petitioner may, after a PCRA court denies relief, and *after obtaining new counsel or acting pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Id.* at 401 (emphasis added). Here, Appellant is seeking to raise ineffectiveness claims against his present counsel, Attorney Tambourino. He has not been appointed new counsel, and he is not proceeding *pro se*. Thus, we agree with Attorney Tambourino that we must remand for the PCRA court to appoint Appellant new counsel who can assist him in raising his PCRA-counsel ineffectiveness claims on appeal.

Moreover, the **Bradley** Court advised that,

> the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness…; however, where there are material facts at issue concerning [claims challenging counsel's stewardship] and relief is not plainly unavailable as a matter of law, the remand should be afforded.

*Id.* at 402.

> In this case, Appellant has presented more than mere boilerplate allegations of Attorney Tambourino's ineffectiveness. We conclude that it is therefore appropriate for the PCRA court to develop the record regarding these issues and consider them in the first instance. Accordingly, we vacate the PCRA court's order denying Appellant's petition and remand for further proceedings.

**Commonwealth v. Greer**, 386 MDA 2022, unpublished memorandum at *4-5 (Pa. Super. filed Oct. 19, 2022).

The Commonwealth filed a timely application for reargument before this Court *en banc*. On November 15, 2022, we directed the PCRA court to appoint Appellant new counsel to assist him in responding to the reargument application. Counsel was appointed and thereafter filed a response to the Commonwealth's petition for *en banc* review, which was ultimately denied. The Commonwealth then filed a petition for allowance of appeal with our Supreme Court, which was granted "to address whether … [this] Court was required to examine the issues raised in the merits brief filed by Attorney Tambourino prior to remand." **Commonwealth v. Greer**, No. 87 MAP 2023, at *5 (Pa. filed June 6, 2024).

- 5 -

On June 6, 2024, our Supreme Court issued a decision, finding that we "did not err in refusing to assess the issues raised in Attorney Tambourino's merits brief before remanding this matter to the PCRA court." **Id.** at *11. The Court also noted that we acted properly by refusing to assess the merits of Appellant's *pro se* allegations of ineffectiveness against Attorney Tambourino. **Id.** at *9. It reasoned that "[t]he PCRA court should have the first opportunity to address factual and legal claims[,]" observing that our "proper role" as an appellate court "is to review the PCRA court's decision for an error of law or an abuse of discretion." **Id.** at *11.

However, the Supreme Court held that this Court had acted improperly by directing Attorney Tambourino to file a merits brief in the first place, when his application for remand provided "a clear indication that [Appellant] wished to pursue claims of Attorney Tambourino's ineffectiveness…." **Id.** at *8. The Court concluded that, by deferring the application to the merits panel, we improperly required "Attorney Tambourino to file a merits brief," which "created a risk that [Appellant] could no longer request to proceed *pro se*, as the request would be considered untimely after the filing of a merits brief. This procedure also forced [Appellant] to proceed through a combination of counseled and *pro se* representation, also known as hybrid representation[,]" which "presents many issues for appellate courts[.]" **Id.** at *9 (citing **Commonwealth v. Ellis**, 626 A.2d 1137, 1138-39 (Pa. 1993), in listing several issues appellate courts seek to avoid by precluding hybrid

- 6 -

representation). Accordingly, the Court reversed our decision and remanded this case back to our Court for proceedings consistent with its decision.

Thus, in light of the guidance provided by our Supreme Court, we now vacate the PCRA court's order and remand this case.[2] On remand, the PCRA court shall conduct a *Grazier* hearing, to include "an on-the-record colloquy with [Appellant] about his right to counsel, his inability to proceed through hybrid representation, and how he wishes to proceed." *Id.* at *2. Following that hearing, the PCRA court shall conduct other proceedings, as necessary, to assess any ineffectiveness claims Appellant wishes to pursue against Attorney Tambourino.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

---

[2] We conclude that vacating the PCRA court's order is necessary under the specific circumstances of this case. In Attorney Tambourino's application for remand, he indicated that Appellant wishes to argue that counsel acted ineffectively by failing to properly develop, and/or preserve for appellate review, certain issues at the PCRA hearing. As the PCRA court could conclude that a new hearing is warranted, and/or decide that other relief is required, we must vacate its underlying order to reinstate the court's jurisdiction to take such action as it finds necessary.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/13/2024